**STATE of Missouri, Plaintiff–Respondent,**

v.

**John EVANS, Defendant–Appellant.**

**No. 11727.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 15, 1980.

John D. Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Douglas B. Kays, Springfield, for defendant–appellant.

GREENE, Judge.

On July 5, 1979, defendant John Evans was jointly charged, along with Edgar E. Simpson, with the crime of burglary in the second degree, pursuant to § 569.170.[1] The case against Evans was originally tried before a jury on October 3–4, 1979. The jury was unable to agree on a verdict, and a mistrial was declared. The trial court then set the case against Evans for retrial on December 3, 1979. The record indicates that Simpson was jury–tried and found guilty on December 5–6, 1979. Evans was not retried on December 3rd, and, on Janu-

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R. and all references to statutes are to RSMo 1978, V.A.M.S.

ary 24, 1980, he demanded a trial by jury. On January 29, 1980, Evans filed a motion to dismiss the charge against him, contending that he had been denied a speedy trial in violation of § 545.780. No constitutional grounds were raised in the motion. The motion was overruled, and the case proceeded to jury trial on January 30, 1980. The case was concluded on January 31st, at which time the jury found the defendant guilty of second degree burglary and recommended punishment of 7 years' imprisonment. The trial court, after hearing, determined that Evans was a persistent and dangerous offender under § 558.021, by reason of three prior felony convictions, enhanced his punishment, and sentenced Evans to 15 years' imprisonment in the custody of the Department of Corrections. This appeal followed.

The only point relied on by defendant Evans on appeal is that "The trial court erred in overruling defendant's motion to dismiss because the defendant was denied his right to a speedy trial as required by Section 545.780(4) RSMo and the 6th and 14th Amendments to the U.S. Constitution in that he was not retried for one hundred seventeen days after a mistrial to his prejudice."

The point, as stated, does not state why the trial court's ruling on the motion to dismiss was prejudicial to defendant, in violation of Rule 30.06(d), and preserves nothing for review. Nevertheless, we ex gratia review for plain error under Rule 30.20 to determine whether the action of the trial court in overruling the motion to dismiss constituted such an abuse of discretion on the part of the trial court so as to result in manifest injustice or a miscarriage of justice. We conclude that it did not, and affirm the judgment.

■ Even if we ignore defendant's preservation problem (not raised in his motion to dismiss or in his motion for new trial), his claim that he was denied his constitutional right to a speedy trial lacks merit. In *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972), the Supreme Court of the United States listed four principal factors to use in determining whether a defendant suffered a denial of his constitutional right to a speedy trial. Those factors are (1) length of delay, (2) reason for delay, (3) defendant's assertion of his rights, and (4) prejudice to defendant by the delay in bringing him to trial. The validity of this test was reaffirmed in *Moore v. Arizona*, 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183, 185 (1973).

■ Examination of these four factors, applied to the facts of this case, show that no prejudice resulted to defendant from trial delay. One hundred seventeen days passed between the first and second trial. Defendant, in his brief, states that the "length of delay was not extraordinary." We agree. Second, the trial court, at the hearing on the motion to dismiss, stated that the reason for the delay was that during the jury week of the December court docket, the court elected to try the codefendant, Simpson, and that the ends of justice dictated that Evans not be tried the same week before the same jury panel. The trial court also observed that during the next scheduled jury week, a capital murder case was scheduled in which the defendant was confined in jail, whereas defendant Evans was free on bond. It seems to us that these are reasonable explanations for such delay in trial as was present here. Third, defendant was granted a retrial within six days of his request for one. This was certainly not an unreasonable denial of his right to a speedy trial after he asserted it.

As to the fourth factor, defendant admits that he cannot show prejudice in any "concrete form" by the delay. We can understand why he cannot do so, because no prejudice occurred. He contends that a mere dimming of the memory of witnesses is sufficient to show prejudice. This may be true in some cases, but it is not true here. In this case, six witnesses testified for the state. The combined weight of their testimony showed defendant guilty of the charge beyond any reasonable doubt. Defendant's only witness was himself. He denied participation in the burglary, but

admitted he was in the vicinity of the burglary at the time the crime was committed, and admitted the association with his codefendant, who was also caught at the scene. There was no evidence that his memory of events on the day of the burglary was "dimmed" in any way by delay in bringing the case to trial. Defendant's claim that he was denied his constitutional right to a speedy trial lacks merit.

Defendant also contends that the action of the trial court in overruling his motion to dismiss was a denial of his rights under § 545.780, commonly known as the Speedy Trial Act. Subsections 4 and 5 of the statute provide:

"4. If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the new trial shall commence within sixty days from the order of the judge declaring a mistrial or a new trial, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date of the order if unavailability of witnesses or other factors resulting from passage of time shall make trial within sixty days impractical.

5. If a defendant is not brought to arraignment or trial within the time limit required by this section, the trial judge may dismiss the information or indictment upon motion by the defendant and a showing by defendant that the failure to have the trial commence within time limits specified herein was occasioned by the state. The case may be dismissed with or without prejudice at the discretion of the court. In determining whether to dismiss the case, the court shall consider, among others, each of the following factors: The seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this section and on the administration of justice. The court shall make a record showing the action taken in regard to the dismissal or continuance of the case and show on the record the

reasons for such action. Failure of the defendant to move for dismissal prior to trial shall constitute a waiver of the right to dismissal under this section. If the charge was dismissed by the court without prejudice and thereafter a charge is filed against the defendant for the same offense or an offense required to be joined with that offense, the time elapsed between the date the original charge was dismissed to the date the subsequent charge was filed shall be included for purposes of computation of the allowable time to arraign the defendant and commence the trial."

These sections make it amply clear that it is within the trial court's discretion to dismiss or not dismiss a case because of non–compliance with the statute. Here, the trial judge examined the factors that led to the delay of trial, and found that sustaining the motion to dismiss would not serve the "ends of justice." We agree.

Defendant received a jury trial within six days after his written demand for one. He has not shown that his demand for trial was made without success for a reasonable length of time before his alleged right to release was asserted. *State v. Haslip*, 583 S.W.2d 225, 229 (Mo.App.1979). See also *State v. Hollis*, 584 S.W.2d 137, 143 (Mo. App.1979). Defendant's claim of denial of a statutory right has no merit. The trial court did not abuse his discretion when he overruled defendant's motion to dismiss by reason of trial delay.

The judgment is affirmed.

All concur.