Lee A. HOY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31482.

Missouri Court of Appeals,
Western District.

March 30, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 4, 1982.

Austin F. Shute, Patrick O'Brien, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

On this appeal from a denial of relief under Rule 27.26, appellant makes three points: That he was denied a fair trial because the trial court, at the original trial, did not declare a mistrial after being inadvertently informed by the jury that it stood eleven to one for conviction; that the failure to move for mistrial when the jury reported how it stood as to conviction or acquittal denied him effective assistance of counsel; and that there was ineffective assistance of counsel because of counsel's failure to file a pretrial motion to suppress identification of appellant.

As to the first point, this is what happened at the trial: Appellant was charged with robbery in the first degree, and his conviction was affirmed, *State v. Hoy*, 570 S.W.2d 697 (Mo.App.1978). At 11:35 a. m.,

September 3, 1975, the jury retired to consider its verdict. At 2:15 p. m., that day, the jury returned to the courtroom at which time the court inquired: "Mr. Foreman, I want you to tell me how the jury stands numerically, that is to say ten to two, six to six—FOREMAN RAYMOND L. HUDSON: Eleven to one, Your Honor. Eleven guilty. THE COURT: Well, I didn't want to know how you stood as to guilt. Do you have any judgment as to whether or not you'll be able to arrive at a verdict? FOREMAN RAYMOND L. HUDSON: I'm under the conclusion that we will not. THE COURT: I'll ask those of you who agree with the Foreman that you'll not be able to arrive at a verdict to raise your hands. VARIOUS PANEL MEMBERS: (Raising hands). THE COURT: How many of you believe that you will be able to arrive at a verdict? VARIOUS PANEL MEMBERS: (Raising hands). THE COURT: You're not even in agreement about that, are you? Counsel. (Whereupon, counsel approached the Bench and the following proceedings were had and entered of record.) MR. DAKOPOLOS: The State would request that the Hammer Instruction be given to the jury. MR. PIERCE: Of course you would now because you know that it's eleven to one in favor of guilty. I think at this point since that has been revealed that that would certainly be prejudicial. THE COURT: Well, of course I tried to tell the jury not to tell me exactly. MR. DAKOPOLOS: I understand. THE COURT: So, we'll let them stew in their juice for another thirty or forty minutes and then discharge them. (The proceedings returned to open court.) THE COURT: Mr. Bailiff, show this jury back to their jury room so that they may deliberate further upon their verdict." [The foregoing proceedings were not included in the original transcript of the record, nor was there any mention of the present contention in the motion for new trial, which probably accounts for it not being presented on appeal, counsel then being different than at trial.] Then, at 2:40 p. m., the jury returned its verdict of guilty but was unable to agree upon punishment.

■ The trial court was not required, in the foregoing circumstances, to declare a mistrial and discharge the jury upon its own motion. There was no motion made for a mistrial, and even if there had been one made and overruled, that action would have been only a trial error, not cognizable under Rule 27.26(b)(3). See the case of *State v. Johnson*, 546 S.W.2d 725, 727[10] (Mo.App.1977), where during voir dire stated, " 'I think they don't do enough to [criminal defendants] when they catch them.' " The court said, "No objection was made, nor did defendant seek the discharge of the panel. Consequently, the trial court was not obligated to discharge the panel sua sponte." Point I is overruled.

■ Appellant's second point is that his trial counsel was ineffective because of his failure to ask for a mistrial when the court told the jury to deliberate further. Although the jury indicated to the court that it stood eleven to one in favor of appellant's guilt, that possible verdict is indicated in the strong evidence of appellant being the robber, including his positive identification, recounted at page 697 of *State v. Hoy*, supra. In this situation there exists a legitimate inference that appellant's trial counsel desired that the jury deliberate further in the hope that the jury might be lenient if it undertook the assessment of punishment [which it did not] (a fact which indicates that the jury could have been hung up on the issue of punishment). This action could amount to no more than trial strategy in an effort to lessen the punishment, also a matter not cognizable under Rule 27.26. Point II is overruled.

■ The third and last point presented by appellant is that his trial counsel was ineffective because he failed to file a pretrial motion to suppress identification of appellant as the robber. In the hearing on this Rule 27.26 motion, appellant's trial counsel was aware of three or four occasions when the victim failed to identify him either by looking at him personally or at his picture. There was no evidence that any police procedures were unnecessarily suggestive and conducive to irreparable mis-

taken identification, or that identification testimony was inherently unreliable under *Stovall v. Denno*, 388 U.S. 293, 301, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967), and *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). In fact, the trial court found that the three line-up participants were about the same age and height, and two of them were of about the same body weight. There was no allegation or fact shown as to any improprieties in the line-up procedures. *Spencer v. State*, 615 S.W.2d 660, 661 (Mo.App.1981); *State v. Hobbs*, 612 S.W.2d 387, 388 (Mo.App.1981). The evidence at trial showed that the victim had a face-to-face conversation with appellant prior to the robbery in the daylight, and had a good opportunity to view his features. Under these circumstances, a motion to suppress the identification testimony could not succeed, there being an independent source. *Ross v. State*, 601 S.W.2d 672, 675[10, 11] (Mo.App.1980), and counsel cannot be declared to be ineffective for failure, in itself, to file the motion. *Tollison v. State*, 556 S.W.2d 455, 458[8–14] (Mo.App. 1977). The point is overruled.

The judgment is affirmed.

All concur.