John T. **EVANS**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 12675.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 15, 1982.

Blythe Crist-Brown, Wear & Wear, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant filed a motion under Rule 27.26 seeking to set aside his conviction and sentence for second degree burglary. Counsel was appointed for movant and an amended motion filed. Respondent then filed a motion to dismiss and following a hearing on the motion, the trial court determined that the motion and the files and record of the case, including the trial transcript, conclusively showed that movant was not entitled to relief and dismissed the motion. See Rule 27.26(e).

Movant contends that he sufficiently alleged ineffective assistance of counsel to entitle him to an evidentiary hearing. He contends that counsel was ineffective: (1) in not informing him that he could be cross-examined about previous convictions if he took the stand; (2) in failing to call a witness when that witness would have testified that gloves were frequently found in the area where a pair of gloves which testimony linked with movant were found; and (3) in not offering in evidence the clothes worn by movant on the night of the crime to show that they had no grain dust in them.

The burden upon movant to show ineffective assistance of counsel is a heavy one and is not met unless it is clearly demonstrated that the acts of counsel went beyond errors of judgment or trial strategy and became of such character as to result in substantial deprivation of movant's right to a fair trial. *Covington v. State,* 600 S.W.2d 186, 189 (Mo.App.1980). To prevail on a claim of ineffective assistance of counsel there must be a showing that the attorney failed to exercise the customary skill and diligence that a reasonably prudent attorney would perform under similar circumstances and that prejudice to the defendant thus occurred. *Fields v. State,* 596 S.W.2d 776, 777 (Mo.App.1980).

Defendant's direct appeal was affirmed here in *State v. Evans,* 606 S.W.2d 789 (Mo.App.1980). We can judicially notice that transcript. *Langdon v. Koch,* 435 S.W.2d 730, 733 (Mo.App.1968). The transcript reveals that even if the conduct of counsel alleged here occurred it was not sufficient to make counsel's overall performance ineffective assistance of counsel. There can always be some "second guessing" of counsel in any case.

It is unlikely that any of the matters alleged would have affected the result of the trial. If counsel made errors of judgment in the particulars alleged, those were not of such character as to result in a

substantial deprivation of movant's right to a fair trial.

The judgment is affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.