**Clifton FRANKLIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 45168.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 24, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Application to Transfer Denied
Sept. 20, 1983.

David V. Uthoff, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

A two count indictment charged movant with capital murder and robbery first degree. A jury found movant guilty of murder first degree and robbery first degree by means of a dangerous and deadly weapon. §§ 559.007, 560.120 and 560.135 RSMo Supp.1975. He was sentenced to life imprisonment for the murder and twenty-five years on the robbery first degree to run concurrently. This court affirmed his conviction on direct appeal. *State v. Franklin,* 591 S.W.2d 12 (Mo.App.1979). We judicially notice the transcript of that appeal. *Evans v. State of Missouri,* 639 S.W.2d 648, 649 (Mo.App.1982).

Movant sought in the trial court to vacate the sentence pursuant to Rule 27.26 on the ground of ineffective assistance of counsel. Movant appeals from the trial court's denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

On appeal movant claims the following as trial court errors: 1) movant presented sufficient evidence that he was denied effective assistance of counsel at his murder trial because a) his attorney's failures and omissions caused him to be tried and convicted of felony murder, a charge not made in the indictment; b) his attorney failed to conduct independent pre-trial investigation of prosecution witnesses; c) his attorney did not investigate potential alibi witnesses; d) his attorney failed to file a motion to suppress identification evidence; e) his attorney failed to subpoena or introduce certain potentially favorable evidence; and 2) movant was entitled to an evidentiary hearing on the issue of ineffective representation by his counsel because his attorney's dual representation of movant and co-defendant created a potential conflict of interest.

At the onset, we iterate that appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Phillips v. State,* 639 S.W.2d 270, 272 (Mo.App.1982); Rule 27.26(j).

Movant claims first that his trial counsel was ineffective because counsel failed to object to the indictment as defective. Movant argues the indictment was defective in failing to give him sufficient notice of the charges against him when he was indicted, in addition to robbery first degree, for capital murder but tried on and convicted of first degree felony murder. He theorizes the lower court lacked jurisdiction because the charge of capital murder in the indictment failed to put him on notice for the crime of first degree felony murder so that his conviction is a nullity.

Movant did not raise this contention at trial or on direct appeal. However, the sufficiency of the indictment is jurisdictional and thus may be raised for the first time in a Rule 27.26 proceeding. We review the indictment with the understanding that a collateral attack can be made in this proceeding only if the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which movant was convicted. *Blackmon v. State,* 639 S.W.2d 127, 128 (Mo.App.1982). As said in *State v. Garrett,*

627 S.W.2d 635, 637 (Mo. banc 1982), citing *State v. Strickland,* 609 S.W.2d 392, 395 (Mo. banc 1981):

> The test of the sufficiency of an indictment is whether it contains all the essential elements of the offense as set out in the statute and clearly apprises defendant of the facts constituting the offense in order to enable him to meet the charge and to bar further prosecution.

■ Count I of movant's indictment filed November 29, 1977, charges: "That CLIFTON FRANKLIN, ACTING WITH ANOTHER, at the City of St. Louis aforesaid, on the 28th day of May, 1976, feloniously, willfully, premeditatedly, deliberately, on purpose and of his malice aforethought did make an assault upon one FREDERICK D. WILLIAMS with a loaded pistol, and then and there, . . . did discharge said pistol at and upon the body of the said FREDERICK D. WILLIAMS, thereby feloniously inflicting a mortal wound upon the said FREDERICK D. WILLIAMS, from which said mortal wound FREDERICK D. WILLIAMS, did die on May 30, 1976; contrary to Sections 559.007, 559.009(3), Missouri Revised Statutes." [1]

■ There is no showing that movant was not on notice of the impending first degree felony murder charge. The circumstances of this case cement our position.

Before the trial, movant filed a motion to dismiss the indictment on speedy trial grounds; the motion averred that he was awaiting trial on *murder first degree*. At trial, both the prosecutor and movant's attorney proceeded as if movant were charged with the offense of murder first degree. The jury was given instructions for first degree murder, second degree murder, and manslaughter on Count I. No instruction for capital murder was requested or submitted.[2] Finally, at the post conviction relief evidentiary hearing, movant testified he told his trial attorney when they first met that he understood that a warrant charging him with *first degree murder* and robbery had been issued. In light of the foregoing, movant's claim that he was without notice of the first degree murder charge is spurious. The trial court's finding that movant was not denied effective assistance of counsel because of his attorney's failure to challenge the indictment was not clearly erroneous. We have no doubt that movant was advised of, and understood, the nature of the offenses with which he stood charged. We find no violation of due process and no prejudice to the substantial rights of the movant.

■ Movant also maintains submitting the case on a first degree felony murder theory was error where he was charged

---

1. Rule 24.01(a), now Rule 23.01(b), required an indictment to state the section of the Revised Statutes of Missouri proscribing the conduct charged and the section fixing the penalty or punishment. The correct statutory section should have been either 565.001 or 565.003, defining capital murder and felony murder respectively. Both statutes were effective May 26, 1977, and at the time of the indictment's filing on November 29, 1977. However, movant does not raise the issue that the citation to § 559.007, repealed on May 6, 1977, and prior to the filing of the indictment, was error by its reference to a non-existent statutory section.

    Numerous cases in Missouri have upheld that under these or similar circumstances, the failure to list the correct statute proscribing the conduct charged does not invalidate the conviction. *See State v. Mitchell,* 611 S.W.2d 223, 226 (Mo. banc 1981); *State v. Wilson,* 607 S.W.2d 751, 753 (Mo.App.1981); *State v. Harris,* 598 S.W.2d 200, 202 (Mo.App.1980); *State v. Umfleet,* 587 S.W.2d 612, 616–17 (Mo.App.

1979); *State v. Tierney,* 584 S.W.2d 618, 622 (Mo.App.1979).

The content of the indictment clearly embodied a capital murder charge; the indictment sufficiently informs movant of the offense charged and constituted a bar to further prosecution. Under these circumstances, the failure to list the correct statute proscribing the conduct charged does not invalidate the conviction. *State v. O'Toole,* 619 S.W.2d 804, 807 (Mo.App.1981); *Williamson v. State,* 628 S.W.2d 895, 898 (Mo.App.1981); *State v. Wilkerson,* 616 S.W.2d 829, 833 (Mo. banc 1981).

2. It is not clear from the record why both parties decided to proceed at trial on the first degree felony murder theory and to have the judge instruct the jury on murder in the first degree when capital murder was charged. Neither the record before us here nor on movant's original appeal reflects whether a substitute information, amended information or new indictment was ever filed.

with capital murder because the statutory elements of capital murder did not include all the legal elements of murder in the first degree, and murder in the first degree was not specifically a lesser included offense of capital murder.[3] Despite movant's contention that murder in the first degree was not a lesser included offense of capital murder, the failure to instruct on murder in the first degree where the evidence supports the submission of murder in the first degree is reversible error. *State v. Daugherty*, 631 S.W.2d 637, 645 (Mo.1982); *State v. Gardner*, 618 S.W.2d 40 (Mo.1981); *See also State v. Wilkerson*, 616 S.W.2d 829 (Mo. banc 1981). We hold that the evidence upon the record amply supported the submission of murder in the first degree.[4] An instruction on murder in the first degree would have been required in this case had the capital murder theory been tried and submitted. Movant cannot complain that to try the case on a felony murder theory, in lieu of a capital murder, and to submit a felony murder instruction were prejudicial to him. We find the authority of *State v. Daugherty*, 631 S.W.2d 637 (Mo.1982) to be controlling. As in the case at bar, the defendant in *Daugherty* was charged with capital murder, the jury was instructed, inter alia, on first degree felony murder, and defendant was convicted of first degree felony murder.

■ Movant also claims his counsel was ineffective because his attorney failed to conduct an independent pre-trial investigation of prosecution witnesses, failed to investigate potential alibi witnesses, failed to file a motion to suppress identification evidence, and failed to subpoena certain evidence potentially favorable to movant. In order to prove ineffective assistance of counsel, movant had to show that his attorney did not conduct himself with the ability and care of a reasonably capable attorney acting under comparable conditions and that movant was prejudiced thereby. *State*

*v. Thomas*, 625 S.W.2d 115, 123 (Mo.1981); *Decker v. State*, 623 S.W.2d 563, 565 (Mo. App.1981). The claim that an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved defendant's position. *Williams v. State*, 650 S.W.2d 17 (E.D.Mo.App.1983); *Greenshaw v. State*, 627 S.W.2d 103, 105–6 (Mo.App.1982).

■ Police reports indicated Helen Stokes, a state's witness, had viewed a lineup and identified a person other than movant as the person responsible for the murder and robbery and as the gunman. Movant was not in the lineup. Movant complains of his attorney's failure to call her to negate or discredit the testimony of Arthur Johnson, the robbery victim, who testified and identified movant at trial as the gunman. Another prosecution witness Melissa Schmidt, who had viewed the same lineup as Helen Stokes and tentatively identified a person other than defendant as the perpetrator, testified at trial that she did not recognize the movant in the courtroom and that she had never seen him before the date of the trial. Since it must be remembered that the jury had already resolved the inconsistencies in the testimony of Arthur Johnson, the robbery victim, with the testimony of Melissa Schmidt, against movant, the testimony of Helen Stokes was merely cumulative. Her statements referred only to impeachment of the robbery victim; they do not exonerate movant nor do they go to his innocence, in light of the testimony of Arthur Johnson. The selection of witnesses, like the introduction of evidence, is a question of trial strategy and the mere choice of trial strategy is not a foundation for finding ineffective assistance of counsel. *Decker v. State*, 623 S.W.2d 563, 565 (Mo. App.1981).

3. Both movant and respondent stipulated at the post-conviction relief hearing that the indictment charged movant with capital murder.

4. We are constrained to follow the latest Supreme Court decision, *State v. Goddard*, 649 S.W.2d 882 (Mo.1983) for the analysis underlying our holding.

■ Movant complains of his attorney's failure to subpoena testimony concerning a gun residue test which he alleges would establish that his co-defendant had recently handled and discharged a firearm. However, this evidence does not exonerate movant of culpability. Absent a showing of actual prejudice to movant, we do not question the trial strategy of counsel in his introduction of evidence. *Id.*

■ In support of his allegation that his attorney was derelict, movant testified he told his attorney that he had been at two different bars during the time the murder occurred. When asked if he provided his attorney with names of alibi witnesses, he replied as follows:

> Yes. I provided him with the barmaid's name, which I didn't know her real name, I just heard her as Gloria, the barmaid. There were other people in the tavern, you know; like I said, after I had gotten back to St. Louis, this had occurred over a year ago, whereas I couldn't remember the people that were in the tavern, but I told him had he gone by the tavern and interviewed the barmaid and the owner of the tavern I'm quite sure they would have known that I was there and they may have provided him with other names of people that were in the tavern at that time that could have seen me in the tavern .... I provided him with the name of Gloria, the barmaid, and Sam, the owner of the bar.

Movant did not give his attorney their last names or addresses or the names of any other alibi witnesses. He acknowledged that nearly two years had elapsed from the night of the murder to the time prior to his trial when he gave this information to his attorney. Movant's wife corroborated that she also had given the name of Gloria, the barmaid, to his attorney. Counsel for movant testified he recalled movant telling him he had been somewhere other than at the murder scene but did not recall being given the names of any taverns. Although he had originally noted "Check defense witnesses", he had no list of prospective alibi witnesses in his file. He added that his standard procedure upon being informed of alibi witnesses was to send an investigator and that the file contained no investigator's report. The trial court found that movant's attorney was not ineffective for not canvassing area bars to find witnesses who would furnish an alibi to movant. Such straightforward questions of credibility, when raised in a 27.26 proceeding are left to the determination of the trial judge and this court defers to his findings. *Drake v. State,* 582 S.W.2d 711, 714[4] (Mo.App.1979). The trial court believed the attorney's testimony that he could not recall either movant or the wife providing him with any viable alibi information. If counsel has no notice or scant notice a witness exists, he is not ineffective if he fails to call that witness to testify. *Robinson v. State,* 643 S.W.2d 8, 10 (Mo.App.1982). The record does not reveal that a reasonable investigation would have disclosed the existence of these witnesses. *Id.* Nor did movant call any witnesses at his evidentiary hearing to establish his alibi defense. As the movant in this post-conviction proceeding, it was Franklin's burden to allege and prove that "Sam" or "Gloria" could have been located through reasonable investigation, that they would have testified if called and that their testimony would have provided a viable defense. *Ladd v. State,* 621 S.W.2d 543 (Mo.App. 1981). He failed to meet this burden.

■ Movant ascribes error to his attorney for failure to file a pre-trial motion to suppress a lineup identification. The movant, prior to the lineup, had asked for an attorney but no attorney was present. He suggests his attorney should have filed a suppression motion to test whether a lawyer's presence was legally required at movant's pre-indictment lineup where the defendant was identified by the victim and to challenge whether the lineup was overly suggestive. At the time movant was placed in a lineup, he had not been charged by indictment or information with any of the offenses for which he was tried. The exclusionary rule mandated by *U.S. v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. Calif.,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) applies

only to post-indictment lineups and not to lineups conducted prior to the commencement of formal criminal prosecutions. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *State v. Gaskins,* 618 S.W.2d 620, 623 (Mo.1981). Movant's counsel cannot be considered ineffective for failure to raise a constitutional challenge to a lineup permissible under existing law and movant cites no cases supporting this proposition.

■ Nor can movant's counsel be declared ineffective for failure to file a motion to suppress identification of movant on the ground the lineups were overly suggestive. No exhibits of the lineups have been lodged with this court. Movant makes no effort to demonstrate why the lineups are claimed to have been suggestive. There is nothing in the record to indicate that by reason of the lineups or because of the manner in which they were conducted, any of the lineups were suggestive. There is no evidence that any police procedures were unnecessarily suggestive and conducive to irreparable mistaken identification, or that the identification testimony was inherently unreliable under *Stovall v. Denno,* 388 U.S. 293, 301, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967) and *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *Hoy v. State,* 633 S.W.2d 445, 446–47 (Mo.App.1982).

There is no allegation or fact shown as to any improprieties in the lineup procedures. *Hoy v. State,* 633 S.W.2d at 447. The evidence at trial showed that the robbery victim had a face-to-face confrontation with the movant prior to the robbery in his house, and had a good opportunity to view the movant. Under these circumstances, a motion to suppress the identification testimony could not succeed, there being an independent source of identification and counsel could not be declared ineffective for failure, in itself, to file the motion. *Id.* The point is overruled.

■ Movant's final point is that the trial court erred in its refusal to grant him an evidentiary hearing on his allegation that his trial attorney was ineffective because of a conflict of interest created by dual representation of movant and his co-defendant. Movant is entitled to an evidentiary hearing only if he meets three requirements: (1) the motion must allege facts, not conclusions, which if true, warrant relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the defendant. *Wilson v. State,* 643 S.W.2d 6, 8 (Mo.App.1982).

■ The record reflects that movant's attorney asked that he be permitted to put on evidence concerning the conflict of interest issue at the hearing. Notwithstanding the trial court's denial of movant's initial request, movant was given an opportunity upon examination by the court to present how his attorney's dual representation had prejudiced him. The trial court, based upon its fact finding, made a finding of law that there existed no conflict of interest, although movant's attorney had represented a co-defendant in a prior trial. The record supports that movant was granted an opportunity to elicit evidence of how he was prejudiced in this representation; therefore, movant's contention that he was denied an evidentiary hearing on this point is contradicted by the record. We rule against movant on this point.

■ We note in passing that, to establish a conflict of interest denied him the right to effective assistance of counsel, movant must show an actual conflict of interest which adversely affected the defense counsel's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *King v. State,* 639 S.W.2d 396, 397 (Mo.App.1982). Movant speculates in his brief on what his attorney could have, should have or might have done had he not also represented the co-defendant. Such speculation fails to reach the level of showing an actual conflict. *King v. State,* 639 S.W.2d at 397. Neither movant's attorney nor the prosecutor called the co-defendant as a witness at movant's trial. The attorney was aware of a statement given the police by the co-defendant which

implicated movant. However, these facts do not point to any conflict of interest which adversely affected defense counsel's performance. Affirmed.

SMITH and KELLY, JJ., concur.