**STATE of Missouri, Respondent,**

v.

**Tommy THOMPSON, Appellant.**

**No. 46471.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 11, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Dec. 28, 1983.

Application to Transfer Denied
Feb. 15, 1984.

254

Henry Robertson, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

First degree burglary, Section 569.100, RSMo.1978. A jury found defendant prior offender Tommy Thompson guilty and the court sentenced him to ten years in prison.

On appeal defendant contends he was entitled to release under the 180 day delay statute, Section 545.780, RSMo.1978. He also challenges the seizure of $888 in cash on the ground it was illegally seized when arrested. These points in turn.

The evidence: Defendant forcibly entered an "employees only" door of St. Luke's Hospital before business hours and went to the cashier's office. There cashier Ruby McMunn was counting her cash as he ordered: "I'm going to rob you; don't say a word." He took $888 in cash and left the hospital. The cashier promptly activated the police warning signal. Two other employees saw the defendant leaving and described him to arriving police. They gave chase and the police stopped defendant four blocks away as he was about to board a bus; they noticed his bulging pockets. A "pat-down search" revealed the stolen money. Police took defendant back to the hospital where he was identified by hospital employees.

As said, defendant contends he was entitled to release under the 180-day statute. Three continuances for 18, 7 and 10 days, a total of 35, were granted because defense counsel was engaged or on vacation. The trial court granted another 25-day delay because prosecutrix McMunn had moved to Oklahoma and needed a day certain to appear. This increased the cited delays to 60 days, reducing the trial time to 170 days, well under the 180-day statutory limit.

We look to the pertinent parts of the statute, Section 545.780, RSMo.1978. As to the 25 day delay caused by the out-of-state prosecutrix, McMunn, statutory paragraph 3(2) declares there shall be excluded from the 180 day limit any period of delay resulting from the unavailability of an essential witness. Thus we hold that 25-day continuance time was properly added to the 35 days of delay caused by defense counsel. Excluding these delays, defendant was brought to trial 170 days after his arraignment.

We are not persuaded the cited statute mandates dismissal. The statute, at paragraph 2, says trial shall commence within 180 days of arraignment, but by paragraph 5 thereof the charge *may* be dismissed, with or without prejudice.

In *State v. Howell,* 581 S.W.2d 461[2, 4] (Mo.App.1979) the court held prejudice to defendant is a requisite to barring prosecution, and a key factor is whether his defense was impaired by delay. Neither factor appears here. To the same effect see *State v. Evans,* 606 S.W.2d 789[1] (Mo.App. 1980).

We hold the court did not err in denying defendant's motion to dismiss.

This brings us to defendant's contention of illegal seizure of the stolen money because it permitted the arresting officer to testify the stolen money was seized after the officer's "pat-down search".

We deny defendant's point as ill founded for several reasons. Here defendant was identified by a witness to his escape from the hospital and halted by him and police as he attempted to escape by boarding a bus. Police patted him down and noted two bulges in his pockets; they then arrested defendant and discovered the bulges were made by wads of money; police seized the money and found it was in the amount reported to have been stolen.

We deny defendant's challenge to the police search. The prompt report of the theft to police and the matching descriptions by the victim and a bystander warranted his arrest and the ensuing pat-down search. *State v. Epperson,* 571 S.W.2d 260[1–3] (Mo. banc 1978).

And, even if the challenged search were then otherwise invalid it became valid under the "inevitable discovery exception". This because defendant's valid arrest would inevitably have led to a valid search. *See State v. Byrne,* 595 S.W.2d 301, 304–05 (Mo. App.1979).

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.