**George JACKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54207**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 27, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Elizabeth Brown, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Judge.

Movant appeals the denial of his motion for post-conviction relief under former Rule 27.26. After a jury trial, movant was convicted of attempted stealing of a motor vehicle and sentenced to ten years imprisonment as a prior and persistent offender. This court affirmed the conviction by per curiam order *State v. Jackson,* 705 S.W.2d 107 (Mo.App.1986). In his 27.26 motion, movant now seeks to set aside his conviction and sentence because, movant contends, his trial counsel was ineffective. The court denied the motion after an evidentiary hearing. We affirm.

On appeal, movant's contentions are neither clear nor explicit. Stripped of its excess verbiage, movant's single Point states: he was wrongfully convicted because his

trial counsel failed "to file a bill of particulars which would have precluded the state from proceeding on a faulty information." Movant's argument, however, does not track this Point. We address movant's contentions as we understand them.

Movant was charged by information. The original information charges movant with the attempt to commit stealing:

> in that [movant] forcibly entered a 1978 Ford, tampered with the ignition and starter and moved the vehicle, and such conduct was a substantial step toward the commission of the crime of stealing a motor vehicle, and was done for the purpose of committing such stealing.

An amended information was filed which charged movant as a prior and persistent offender, setting forth six prior felony convictions. A subsequent interlineation to the amended information added that the vehicle in question was "possessed by Faith Garrett."

Thus, at the time of trial, the information charged that movant entered the car "forcibly", but it did not charge movant attempted to appropriate the car "without the consent" of the owner. Movant contends the phrase "without consent" is an element of stealing, and, because this phrase was not alleged, movant argues, the information charging him with attempted stealing is "faulty". Movant does not make clear, however, just how this "faulty information" prejudiced him. Movant may be contending the "faulty information" is fatally defective and his trial counsel was ineffective because she failed to file a motion to dismiss; or, movant may be contending the "faulty information" is not fatally defective but simply imperfect and his trial counsel was ineffective because she failed to file a motion for bill of particulars to determine whether movant was being charged with an attempt to appropriate property either "without consent" or by means of "deceit" or "coercion". On either contention, movant does not prevail.

"A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." § 570.030 RSMo 1978. Construing similar language in the precursor to this statute, this Court held the failure to allege the property was taken "without the consent of the owner" does not make a charge of stealing fatally defective. *State v. Puckett*, 607 S.W.2d 774, 776 (Mo.App.1980) (construing former § 560.156 RSMo 1969). The Court held the offense of stealing had been alleged and the information merely failed to specify, in the statutory language, the means by which the stealing had been committed. *Id.* at 775. Since the information alleged the defendant took the property but made no reference to any deceit or misrepresentation, the Court concluded "the only interpretation to which it is reasonably susceptible is that it described a stealing without the owner's consent." *Id.* at 776. Similarly, in this case the information makes no reference to deceit or misrepresentation, or to coercive threats; the only reasonable interpretation is that it charges attempted stealing without consent.

■ If a charge of stealing is not fatally defective even though the phrase "without consent" is omitted, then, certainly, this omission in a charge of attempt to steal does not make that charge fatally defective.[1]

■ Moreover, we do not find that movant was prejudiced because no bill of particulars was filed. Movant's trial counsel was an assistant public defender with three years of experience, who not only had been furnished the police report of this incident but also used an investigator to talk to ostensible witnesses suggested by movant. From her testimony at the hearing below, it does not appear that her defense of movant was adversely affected by the failure to file a motion for a bill of particulars. Furthermore, movant, no neophyte in our justice system, was provided with all the information his counsel and her investigator had. We fail to see how movant could

---

1. In charging the inchoate offense of "attempt", the state may not need to be as explicit and specific as it must be in charging the completed crime. See MACH–CR 18.02.

be prejudiced by his trial counsel's failure to file a motion for a bill of particulars.

█ Movant points out that, on the day of trial, the state added the phrase "possessed by Faith Garrett" to the information by interlineation. After studying movant's brief, we are unable to determine precisely what movant's complaint is with regard to the interlineation. Faith Garrett was endorsed as a witness on the original information, and, at the hearing below, movant's trial counsel said there was no doubt the automobile was possessed by Ms. Garrett and also said movant was aware of what he was being charged with. Moreover, movant's trial counsel objected to this interlineation at trial, but the trial court overruled the objection. Since Faith Garrett had already been endorsed as a witness, the trial court's ruling was well within its discretion. See *State v. Mason*, 650 S.W.2d 15, 16 (Mo.App.1983).

We agree with the court below. Movant neither showed his trial counsel was ineffective nor showed that any prejudice was worked against him.

Judgment affirmed.

STEPHAN and CARL R. GAERTNER, JJ., concur.