Everett D. TAYLOR, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 56170.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 11, 1990.

Application to Transfer Denied Feb. 13, 1990.

Stormy B. White, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 29.15 motion. We affirm.

A jury convicted movant of second degree murder and he was sentenced as a persistent offender to 30 years' imprisonment. Our Supreme Court affirmed his conviction in *State v. Taylor*, 701 S.W.2d 725 (Mo. banc 1985).

Briefly stated, the state's evidence was that movant was alone in his apartment one night with his wife and daughter. He called the police at approximately 2:40 a.m. and reported that someone had come through the bedroom window and stabbed his wife. The police found the victim's body nude and wrapped in a quilt on the bedroom floor between the bed and a wall. An upstairs neighbor, when informed of the murder, stated, "One day I knew he was going to kill her." The neighbor had overheard numerous fights between movant and his wife. The state put on evidence negating the possibility that someone had used force to break into the apartment and murder the victim. *See Taylor*, 701 S.W.2d at 727. Movant claimed to have been sleeping in another room when his wife was murdered. When movant was advised that a warrant had been issued against him for capital murder, he began crying and trembling. Then he said, "I can't say I did it. I can't say I killed her." A police officer asked movant to tell him "what happened, the size of the knife and so forth." Movant started to show the size of the knife but dropped his hands saying, "I don't want to say anything else. I want an attorney."

Movant filed a Rule 29.15 motion alleging that counsel was ineffective for failing to object to the following remark by the prosecutor in closing argument: "Have you heard anything from the defense about a key?" At trial, movant had sought to introduce evidence of a burglary with no forced entry of his family's apartment, apparently committed by a cousin of the upstairs neighbor two days after the murder. The trial court excluded the evidence, and movant argued on appeal to the Supreme Court that the evidence "shows the existence of another key to the apartment and refutes the state's theory that his presence in his apartment with no evidence of forced entry established that only he could have committed the crime." The Supreme Court, citing *State v. Stokes*, 638 S.W.2d

715 (Mo. banc 1982), held the trial court properly excluded the evidence because movant failed directly to connect the cousin with the victim's murder. In his Rule 29.15 motion, movant claims the statement by the prosecutor was a reference both to his failure to testify and to evidence which the trial court excluded; hence he contends counsel was ineffective for failing to object. The motion court in denying relief concluded an objection would have been futile.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

■ Counsel is not ineffective for failing to make meritless objections. *Clark v. State*, 753 S.W.2d 67, 69 (Mo.App.1988). If a movant succeeds in showing an objection would have been meritorious, he still must show that the failure to object resulted in a substantial deprivation of the right to a fair trial. *Jackson v. State*, 540 S.W.2d 616, 617 (Mo.App.1976).

■ Movant's argument concerning a reference by the prosecutor to movant's failure to testify has no merit. To be objectionable, the reference must be direct and certain. *State v. Gardner*, 743 S.W.2d 472, 473 (Mo.App.1988). A mere statement that a defendant has failed to offer evidence is not a direct and certain reference. *Id.* Thus, counsel was not ineffective for failing to object to the comment about which movant complains.

■ Movant's argument concerning a reference to evidence excluded by the trial court is similarly without merit. Although the state succeeded in excluding evidence of the subsequent burglary, movant's counsel in cross examining the upstairs neighbor established that her son had found a set of keys to movant's apartment and returned them sometime thereafter to mov-

ant's wife. In closing argument, movant's counsel referred extensively to the keys. For example, counsel argued,

If someone has a key that [sic] can come in that hallway, back to that bedroom where [the victim] is. Someone who knows the layout of that place, someone who's been there before and someone who knows she's got some valuable jewelry.

. . . .

[The upstairs neighbor] told you that her son at one point had a set of [the victim's] keys. She said they returned them to her. I can't tell you that somebody had a set of keys made, but I can tell you that my theory is just as plausible as his theory, and I don't have to prove him guilty beyond a reasonable doubt. The state does, ladies and gentlemen of the jury.

■ We recognize, of course, that it is improper for a prosecutor to comment on or refer to evidence or testimony that the court has excluded. *State v. Hammonds*, 651 S.W.2d 537, 539 (Mo.App.1983). However, a prosecutor may properly retaliate to an issue raised by defense counsel's argument even if the prosecutor's argument is otherwise objectionable. *State v. Walls*, 744 S.W.2d 791, 798 (Mo. banc 1988). Here, the prosecutor's comment was merely in retaliation to the inferences movant's counsel would have had the jury draw from the keys found by the neighbor's son. As such, the argument was proper, and an objection would have been futile.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.