Thomas HENDERSON,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 56774.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 9, 1990.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Dewey S. Godfrey, Jr., St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

Thomas Henderson appeals from the judgment denying his Rule 29.15 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of attempted kidnapping in violation of § 564.011, RSMo 1986, and was sentenced as a prior and persistent offender to fifteen years' imprisonment. His sentence and judgment were affirmed on direct appeal in *State v. Henderson*, 743 S.W.2d 583 (Mo. App.1988).

Movant has raised thirteen points on appeal. Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Taylor v. State*, 782 S.W.2d 741, 743 (Mo.App.1989). In his first point movant contends the motion court's finding that the substitute information in lieu of an indictment sufficiently charged him with the felony of attempt to kidnap was clearly erroneous. Such findings and conclusions are clearly erroneous only if, upon review of the entire record, an appellate court is left with the definite and firm impression that a mistake has been made. *Taylor*, 782 S.W.2d at 743.

The substitute information charged in pertinent part as follows:

That Thomas Henderson at the City of St. Louis, State of Missouri, aforesaid that, in violation of Section 564.011, RSMo, committed the class C felony of an attempt to commit the offense of kidnapping, punishable upon conviction under Section 558.011, RSMo, in that on the 1st day of September, 1985, the defendant followed Vadia Travis in his car, pointed a gun at her and ordered her to get into his car, and such conduct was a substantial step toward the commission of the crime kidnapping, and was done for the purpose of committing such kidnapping.

In challenging the sufficiency of the substitute information in his 29.15 motion, mov-

ant stated the substitute information "alleged no attempt to remove or confine Vadia Travis and further alleged no required purpose for the removal or confinement", and "[a]dditionally, the mentioned elements in the information, namely, following, pointing a gun, and ordering into a car, do not by law amount to a 'substantial step' toward the commission of the object crime of kidnapping."

The motion court cited *Franklin v. State*, 655 S.W.2d 561 (Mo.App.1983), as authority in deciding the merits of the attack on the sufficiency of the information. *Franklin* requires the indictment or information must be so defective that by no reasonable construction can it be said to charge the offense for which movant was convicted. *Id.* at 563. The motion court also noted that the evidence had been held sufficient to support the verdict in the direct appeal. The motion court found the information sufficient under the *Franklin* test.

The gist of appellant's complaint is that the attempt statute requires an actual and specific attempt to make or perform each and every element of the completed crime. Movant misreads the attempt statute. Section 564.011 provides that "[a] person is guilty of attempt to commit an offense when, *with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense.*" (Emphasis added.) The information here clearly alleged conduct constituting a substantial step toward kidnapping. In charging the inchoate offense of attempt, the state may not need to be as explicit and specific as it must be in charging the complete crime. *Jackson v. State*, 760 S.W.2d 505, 506 n. 1 (Mo.App.1988).

Rule 23.01(e) provides that "[a]ll indictments or informations which are substantially consistent with the forms of indictments or informations which have been approved by this [Missouri Supreme] Court shall be deemed to comply with the requirements of this Rule 23.01(b)", the rule governing indictments and informations. The information in this case tracked MACH–CR 18.02 approved by the Missouri Supreme

Court. We agree with the motion court's ruling that the information was sufficient under *Franklin*. Point one is denied.

In point two, movant pronounces his trial counsel ineffective for not renewing at his retrial a motion to suppress identification previously denied in appellant's first trial which had ended in a mistrial. The issue of identification, however, was raised and decided on its merits against movant in his direct appeal. 743 S.W.2d at 585–86. Even without the motion to suppress having been refiled, this court on direct appeal examined the validity of the identification. Thus, movant suffered no prejudice from his trial counsel's failure to refile the motion to suppress. Despite counsel's efforts in this proceeding, the attempt to obtain a second review of that same issue in movant's behalf under the claim of ineffective assistance of counsel is in vain. *Accord, O'Neal v. State*, 766 S.W.2d 91, 92 (Mo. banc 1989) *cert. denied* — U.S. ——, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989). Point denied.

Movant's third point declares the motion court erred in finding trial counsel was not ineffective for failing to use prior inconsistent statements given by victim in a deposition to impeach her trial testimony that movant pointed a gun at her and threatened her. Movant contends that in her deposition victim did not give the specific detail that appellant "pointed a gun or threatened to shoot her." The motion court observed that the deposition reflected victim was not asked whether movant pointed a gun at her or threatened to shoot her. The motion court determined that victim did not make an inconsistent statement in her deposition. We have reviewed both the trial transcript and deposition and agree with the motion court. Point denied.

Movant's fourth point raises two issues. He first challenges the motion court's finding that counsel was not ineffective in impeaching victim's identification of movant in the line-up photograph. In victim's deposition, she identified her assailant as third from the left in the picture of the four-man physical line-up. At trial, she testified he was second from left. The

motion court reviewed the trial transcript, as we have, and found that counsel did, in fact, attempt to impeach victim concerning her line-up identification. Moreover, at trial victim freely admitted that she had given those answers at her deposition but explained during redirect examination that she had mixed up their left with hers during her deposition. The motion court correctly decided movant's trial counsel was not ineffective in this regard.

■ The second prong of movant's claim in his fourth issue argues that the motion court incorrectly found counsel was not ineffective for failing to request the trial court to give an oral cautionary instruction to the jury that they could consider as substantive evidence the subject matter impeached by the inconsistent statement. The motion court noted the Rule 29.15 motion failed to mention any cite for such instruction and the court found no such oral instruction in the MAI–CR3d series. The motion court concluded that defense counsel's shortcoming, if any, would not have resulted in a different outcome at trial in light of all the evidence, including an identification at trial by an independent witness and victim's identification of movant in an earlier photo array prior to any line-up. Furthermore, victim had provided a satisfactory explanation for her left-right disorientation in her identification of movant from the line-up photograph during her deposition.

Movant's assertion that counsel should have requested an oral cautionary instruction is predicated upon his understanding of § 491.074, RSMo 1986. Movant claims this section mandates the giving of such an oral, cautionary instruction. Section 491.-074 provides:

> Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of an offense under Chapters 565, 566 or 568, RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.

Movant was charged on July 22, 1986, with attempted kidnapping pursuant to § 564.011. Movant argues § 491.074 is applicable because, while the crime charged was the inchoate crime of "attempt", the predicate offense is under chapter 565 for kidnapping which § 491.074 clearly encompasses. He then posits that MAI–CR3d 310.16 and the Notes on Use form the basis of how to implement § 491.074.

We reject movant's premise that § 491.074 is applicable. The statute he was convicted of violating, § 564.011, is not found in chapters 565, 566 or 568. *Accord, State v. Gray,* 761 S.W.2d 240, 243 n. 1 (Mo.App.1988). The point is denied.

■ Movant's fifth point is that counsel was ineffective for tendering MAI–CR2d 3.52 in light of § 491.074 because such instruction limited the jury's consideration of the victim's inconsistent statements to the issue of her credibility, not as substantive evidence. The motion court found no basis to believe that the outcome of movant's trial would have been different had the instruction not been given.

We agree with the motion court. First, as even movant acknowledges, instructional error is not ordinarily a matter reviewable in a post conviction relief proceeding, *Newlon v. State,* 705 S.W.2d 590, 593[7] (Mo.App.1986), unless the error is so glaring as to render the trial unfair. *See Cherry v. State,* 660 S.W.2d 361, 363–64 (Mo. App.1983). Second, the linchpin of movant's assertion of instructional error is the applicability of § 491.074, a premise we rejected previously. Point denied.

■ Movant's sixth point claims the motion court was clearly erroneous in its conclusion that trial counsel was not ineffective for failing to object to an instruction given on the definition of kidnapping or for offering a properly modified version of the instruction.

Instruction seven submitted by the state was based on MAI–CR2d 33.01. The object crime of kidnapping is either a class A or class B felony, depending on the defined purpose of the crime. § 565.110.2. When charged as attempt, the felonies are reduced to class B or class C. § 564.011.3. Movant argues that by including the pur-

poses making the attempted kidnapping a class B felony, as well as those purposes under class C, the jury was given too much latitude in its deliberations and its findings. He states that a more competent counsel would have objected.

Movant was convicted of the class C felony of attempted kidnapping. We agree with the motion court's finding that the error, if any, did not cause movant to be convicted of a crime with which he was not charged or had not committed. Point denied.

Movant's seventh point attacks the motion court's finding there was no fatal variance between the crime charged and the verdict director which omitted the phrase "followed Vadia Travis in his car" contained in the substitute information. According to movant, this was a fatal variance, resulting in his being convicted of a crime with which he was not charged. He argues this allegation was essential as the substantial step required for a conviction of attempted kidnapping.

The verdict director and substitute information both included the conduct of movant's pointing a gun at victim and ordering her to get into his car. This conduct constituted a substantial step toward the offense of attempted kidnapping. We cannot fathom movant's argument that the absence of the phrase "following Vadia Travis in his car" in the verdict director renders it an instruction for assault second or third degree and not one for attempted kidnapping. The jury was properly instructed in conformance with the crime charged. Point denied.

Movant's eighth point asserts the motion court clearly erred in finding counsel was not ineffective in failing to object promptly to or request a mistrial following certain figurative references by the prosecutor during closing argument to movant's having "pushed" the victim off the viaduct. An objection was finally made and sustained and the jury was instructed to disregard the reference. Another objection to the use of the word "push" was overruled by the court with the admonition that it was to be regarded simply as "figurative".

The claim of prosecutorial impropriety was reviewed in movant's direct appeal and decided adversely to movant, 743 S.W.2d at 587. Movant has not demonstrated that his counsel's failure to object promptly or request a mistrial prejudiced him in any way. Point denied.

Movant's ninth point challenges the motion court's determination that the record refuted his allegation that his trial counsel failed to offer a proper converse of the verdict director. The record clearly reflects that the instruction submitted by counsel was a true converse of the verdict director. Movant's disgruntlement with the converse is its omission of the phrase "the defendant followed Vadia Travis in his car." Movant echoes the same arguments he advanced in point seven where he attacked the verdict director. We remain unconvinced. Point denied.

Movant's tenth point chastises his trial counsel for failing to object and request a mistrial when, after the jury had returned its verdict form finding him "guilty of an attempt to commit kidnapping as submitted in Instruction No. 7", the trial court permitted the foreman to change the verdict form's reference from No. 7 (the instruction defining kidnapping) to No. 5 (the verdict directing instruction). The propriety of the verdict, including the foreman's correction of it, was reviewed on direct appeal. *See State v. Henderson*, 743 S.W.2d at 587. As mentioned earlier, appellant cannot use a post-conviction motion to relitigate issues raised and decided on direct appeal. *O'Neal v. State*, 766 S.W.2d at 92. We agree with respondent and case law that movant cannot merely relabel the claims to convert them into viable theories of ineffective assistance of counsel. *Id.* Point denied.

Movant's eleventh point disputes the motion court's failure to find counsel ineffective for not filing a "motion to dismiss or request a bill of particulars because the information was deficient ... in failing to track the object crime of kidnapping and in failing to set out the necessary purposive conduct." We agree with the

motion court's initial determination that the substitute information sufficiently charged the crime of attempted kidnapping. The adequacy of the information has been discussed supra, and we therefore discern no merit in the argument that counsel was ineffective for taking no action to challenge it. Point denied.

 Movant's twelfth point expounds on his entitlement to an evidentiary hearing under Rule 29.15. He argues that trial counsel's testimony was necessary to any determination that her actions or inactions were a matter of trial strategy and had sound bases. No evidentiary hearing is required under Rule 29.15 "if the court shall determine the motion and files and records of the case conclusively show that movant is entitled to no relief." Rule 29.-15(g). Not any of the findings and conclusions of the motion court in addressing movant's claims turned on trial strategy. Thus, trial counsel's testimony was unnecessary to dispose of the motion. Point denied.

 Movant's final point urges that the cumulative trial errors of counsel denied him effective assistance of counsel and deprived him of his constitutional rights to a fair trial. The absence of merit in any of the arguments advanced by appellant renders his "cumulative effect theory" nugatory. The motion court's finding that "counsel's conduct [did not so undermine] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" is not clearly erroneous. Movant's last point is denied. The judgment of the court denying the Rule 29.15 motion without an evidentiary hearing is affirmed.

HAMILTON, P.J., CARL R. GAERTNER, J., concur.