**William Dale DORRIS,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 53280.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 26, 1988.

Donald J. Hager, Public Defender, Farmington, for movant-appellant.

William L. Webster, Atty. Gen., Jared Cone, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to three counts of passing bad checks and was sentenced to three concurrent terms of five years' imprisonment. He filed a Rule 27.26 motion in which he alleged, among other matters, that the information charging him with the offenses was defective.

Movant was charged with violating § 570.120, RSMo 1978, which provides in pertinent part:

1. A person commits the crime of passing a bad check when, with purpose to defraud, he issues or passes a check or other similar sight order for the payment of money, knowing that it will not be paid by the drawee, or that there is no such drawee.

. . . .

6. Passing bad checks is a class A misdemeanor, unless

. . . .

(2) The issuer had no account with the drawee or if there was no such drawee at the time the check or order was issued, in which cases passing bad checks is a class D felony.

Each count of the information charged that movant "committed the class D felony of passing bad checks" in that he, "with purpose to defraud, issued [two checks for $42.50 and one check for $48.50], drawn upon a non-existent account with the New Era Bank, Fredricktown, Missouri ... payable to Richard Allen, knowing that such check[s] would not be paid." The information was read into the record at the guilty plea hearing.

At the plea hearing, movant said he had discussed the charges with his attorney "[a]t least ten or twelve" times. In response to questioning by the court, movant said he understood and admitted the elements of the charges as they were set forth in the information. Movant also said he understood the punishment on the charges could be as much as five years imprisonment and a $5,000.00 fine. The questioning by the court continued:

[Court]: You want to tell me what you did on these checks that led to these three charges being filed against you?

[Movant]: Well, Your Honor, I just got laid off of work and I got a wife and three children at home. I filed for unemployment and I had to wait a week. I didn't want my utilities to be cut off and the rent was due. So I just—Richard Allen was staying with me and I needed some cash to pay my utilities and pay rent.

Q. So you cashed three different checks dated three different days?

A. Yes, sir. I wrote it to him and then he give me the money to pay 'em.

Q. Is he the one with the checks that cashed them?

A. Yes, Your Honor.

Q. And then he turned around and gave you the money back?

A. Yes, Your Honor.

Q. And that's the case on all three of these checks?

A. Yes, Your Honor.

Q. You wrote them out or he wrote them out?

A. I wrote 'em out.

Q. You wrote them out and he's the one that actually cashed them?

A. Yes, Your Honor.

Q. And you didn't have an account with New Era Bank to cover those checks?

A. No, they had closed it out.

Q. And you knew that prior to that time?

A. Yes, Your Honor.

The motion court denied movant's Rule 27.26 motion without an evidentiary hear-

ing, finding that the assertion that the information was defective was without merit.

On appeal, movant alleges the motion court erred in its finding because the use of the phrase "non-existent account" does not allege that he had "no account with the drawee" bank, a necessary element to charge a felony. Movant argues the information "merely alleges that the instrument[s] in question [were] drawn upon a 'non-existent account.' The charging paper fails to preclude the possibility that the issuer may have had numerous accounts with the drawee (such as business, personal, NOW, etc.) but upon which [these] particular instrument[s] [were] drawn."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

By entering a guilty plea, movant waived all nonjurisdictional defenses to the charges and all nonjurisdictional defects in the proceedings. *Chamberlain v. State*, 721 S.W.2d 139, 140 (Mo.App.1986). The sufficiency of an indictment or information is jurisdictional and may be raised for the first time in a Rule 27.26 proceeding. However, for a movant to succeed in a collateral attack, the information must be "so obviously defective that by no reasonable construction can it be said to charge the offense for which movant was convicted." *Blackmon v. State*, 639 S.W.2d 127, 128 (Mo.App.1982).

The purpose of an information is to advise the accused of the charges against him so that he may prepare an adequate defense and avoid retrial on the same charges in case of an acquittal. An information is sufficient if it contains all essential elements of the offense as set out in the applicable statute and clearly apprises defendant of the facts that constitute the offense. Generally, an information is sufficient if it charges the offense in the language of the statute alleged to be violated, provided the statute states the elements of the offense. *State v. O'Connell*, 726 S.W.2d 742, 746 (Mo. banc 1987). However, an information "is not to be measured as if it were a part of some pedantic exercise," *State v. Daniels*, 655 S.W.2d 106, 107 (Mo.App.1983). Thus, there is no absolute requirement that the exact statutory language be used; "words of similar import" will suffice. *Hodges v. State*, 462 S.W.2d 786, 789 (Mo.1971). Rule 23.01(b)[1] sets forth the requirements for an information, and an information that is substantially consistent with the forms of indictments or informations approved by the Missouri Supreme Court are deemed to comply. Rule 23.01(e).

The question for our resolution is this: Did the information advise movant that he was charged with three felonies rather than three misdemeanors? We hold that it did. In each count, the information stated that movant was charged with a felony. The phrase "non-existent account" used in the information is of "similar import" to the statutory language "no account." Moreover, the information, including the "non-existent account" terminology, is substantially consistent with MACH–CR 24.30.3, Passing Bad Checks: No Account.

Movant also had actual knowledge that he was charged with three felonies. At the

---

1. Rule 23.01(b) states:
   The indictment or information shall:
   1. State the name of the defendant if known, or if his name is not known, the defendant may be designated by any name or description by which he can be identified with reasonable certainty;
   2. State plainly, concisely, and definitely the essential facts constituting the offense charged;
   3. State the time and place of the offense charged as definitely as can be done;
   4. Cite the section of the statutes alleged to have been violated and the section of the statutes which fixes the penalty or punishment therefor; and
   5. State the name and degree, if any, of the offense charged.

guilty plea hearing, the information, stating that each charge involved a felony, was read into the record, and movant stated he had discussed the charges with his attorney "ten or twelve" times. Movant also admitted he knew the account on which he wrote the checks had been closed. Even without these indications of movant's actual knowledge that he was charged with felonies rather than misdemeanors, his argument that the information was defective because it "fails to preclude the possibility that [he] may have had numerous [other] accounts with the drawee" is without merit. The language of the information and of § 570.120.1, "knowing that [the check] will not be paid," would preclude the possibility that New Era Bank might have "covered" movant's checks from another account he might have had at the bank. We believe the state legislature, when it drafted § 570.120.6(2), did not intend that a person who writes a "no account" check drawn on a bank where he has other accounts be charged with a misdemeanor, while a person who writes a "no account" check drawn on a bank where he has no other accounts be charged with a felony.

The judgment of the motion court was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.