**STATE of Missouri, Respondent,**

v.

**Mary LEHMANN, Appellant.**

**No. WD 41735.**

Missouri Court of Appeals,
Western District.

Feb. 20, 1990.

Mary Lehmann, Boonville, Appellant pro se.

Douglas Abele, Boonville, for respondent.

Before BERREY, J., Presiding, and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

Ms. Mary Lehmann appeals from a conviction by a jury of distributing proscribed election literature within 25 feet of the door of a polling place during an election, § 115.637(18), RSMo 1986, a misdemeanor. She was fined $50 plus court costs. Her conviction is reversed.

On August 2, 1988, Ms. Lehmann was present from approximately 6:00 p.m. to 7:00 p.m. at the Boonville Fire Station, a polling place. She was distributing literature to citizens voting in the primary election. After arriving at the fire station, Ms. Lehmann was observed by a Deputy County Clerk distributing election literature within 25 feet of the door of the building in which the polling place was located, and

she was asked to retreat beyond 25 feet of the door. She was observed again by the deputy clerk and the Boonville Fire Chief distributing election material too close to the polling place door. This time she was warned by the fire chief to move back the appropriate distance. Ms. Lehmann was observed a third time distributing election material within the prohibited area, and she was warned by a police officer who had been summoned. This officer marked for Ms. Lehmann the 25–foot distance from the polling place door. Following this final warning, Ms. Lehmann was again observed distributing election material within 25 feet of the polling place door by the deputy clerk, the fire chief, and a fire department employee.

Ms. Lehmann was charged by information and convicted of violating § 115.637(18), RSMo 1986. She appeals from that judgment alleging five points of error: (1) insufficiency of the information, (2) inadmissibility of photographic evidence, (3) absence of the required corpus delicti, (4) ineffective assistance of counsel, and (5) prosecutorial misconduct.

Ms. Lehmann alleges that the information failed to allege a crime. The information specifically charged Ms. Lehmann with "distributing election literature within 25 feet of the polling place," citing RSMo 115.-637(18), RSMo 1986. That statute makes distributing election material "within 25 feet of the building's outer door closest to the polling place" during an election a misdemeanor. Ms. Lehmann argues that the information lacks an essential element of the crime because it does not charge that she distributed proscribed election literature "within twenty-five feet of the building's outer door closest to the polling place," leaving the trial court without jurisdiction.

The standard for judging the sufficiency of the information is whether it advises the accused of charges against her so that she may prepare an adequate defense and avoid retrial on the same charges in case of an acquittal. *Dorris v. State,* 743 S.W.2d 904, 906 (Mo.App.1988). To be sufficient the information must contain all essential elements of the offense and clearly apprise defendant of the facts that constitute the offense. *Id.*

The information charging Ms. Lehmann with the misdemeanor of distributing proscribed election literature within a proscribed area during an election states:

The Prosecuting Attorney of the County of Cooper, State of Missouri, charges that the defendant in violation of Section 115.637, RSMo., committed the misdemeanor of distributing election literature with respect to a question to be voted on at an election on election day within 25 feet of the polling place, punishable upon conviction under Section 115.637, RSMo., in that on or about August 2, 1988, in the County of Cooper, State of Missouri, the defendant, distributed election literature within 25 feet of a polling place located at the Boonville Fire Station, Main Street and Bingham Road, Boonville, Missouri.

The statute defining the offense with which Ms. Lehmann was charged is § 115.637, RSMo. It states:

115.637. Class four election offenses. —The following offenses, and any others specifically so described by law, shall be class four election offenses and are deemed misdemeanors not connected with the exercise of the right of suffrage. Conviction for any of these offenses shall be punished by imprisonment of not more than one year or by a fine of not more than two thousand five hundred dollars or by both such imprisonment and fine:

 . . . .

(18) Exit polling, surveying, sampling, electioneering, distributing election literature, posting signs or placing vehicles bearing signs with respect to any candidate or question to be voted on at an election on election day inside the building in which a polling place is located or within twenty-five feet of the building's outer door closest to the polling place,. . . .

A comparison of the information and the statute defining the applicable offense reveals that the information did not include the language, "building's outer door closest

to the polling place," which is the reference point selected by the legislature from which the proscribed area is identified and in which applicable election literature must not be distributed during an election.

 The legislature chose to proscribe certain activity both "inside the building in which a polling place is located" and "within twenty-five feet of the building's outer door closest to the polling place." The information attempts to allege a violation of the second part of the statute, but it misstates the proscribed area. The statute does not prohibit distributing election literature within twenty-five feet of a polling place as the information states. The area identified in the information may or may not be within the statutorily defined area depending upon the exact location of the polling place within a building. If the polling place is located some place other than at a building's entrance, the proscribed area described in the information would not be the statutorily proscribed area. The area identified by the information and the proscribed area identified by the statute are not the same. While there is no absolute requirement that statutory language be used when charging an offense, and the strict standard of pleading felony charges by information is not required in misdemeanor charges, *State v. Henderson*, 750 S.W.2d 507, 513 (Mo.App.1988), the information must contain all essential elements of the offense and clearly apprise the defendant of the facts that constitute the offense. *Dorris*, 743 S.W.2d at 906. The information alleges that Ms. Lehmann distributed election information in an area not necessarily proscribed by the statute. The information failed to include an element of the offense and is, therefore, fatally defective.

It is unnecessary to address Ms. Lehmann's other claims. The judgment is reversed.

All concur.