**STATE of Missouri, Plaintiff–Respondent,**

v.

**Phillip KING, Defendant–Appellant.**

**Phillip KING, Movant–Appellant,**

v.

**STATE of Missouri, Defendant–Respondent.**

Nos. 58507, 61511.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 23, 1993.

Dennis J. Myers, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Michael J. Spillane, Asst. Attys. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of attempted forcible sodomy and his sentence as a persistent sexual offender to thirty years without parole. He also appeals from the denial of his post-conviction Rule 29.15 motion. We affirm.

The victim, Kevin Moore, was a slightly built twenty year old with no prior criminal record who was charged with theft of fireworks and confined in the Jefferson County jail. Late at night he was requested by another inmate to go into cell-house four. That cell was occupied by defendant and several of his friends. All were physically larger than victim. Defendant, with others, requested that victim remove his jumpsuit. Victim declined four or five times. Finally, he was told that if he did not remove the jumpsuit "they" would remove it for him. During this time the occupants of the cell were each striking their open palm of one hand with the fist of the other. Victim removed his jumpsuit. The occupants of the cell discussed how "cute" victim looked in his bikini underwear. Defendant then told victim to remove his underwear. Again victim declined four or five times and was again told that unless he did so "they" would remove it for him. Eventually he removed his underwear, because, he testified, he was afraid he would be beaten up if he did not and would end up in the hospital. Victim was then ordered by defendant to lie face down on the lower bunk of the cell. Again he refused three or four times but eventually complied. As he was lying down, victim observed all of the occupants of the cell except defendant leave the cell and assume standing positions nearby. Victim then heard defendant say that he was going to "fuck me in the ass". Within two or three minutes victim felt lotion being applied by four fingers to his buttocks and his anus. A guard then passed by the cell and although victim made no outcry because of fear the group dispersed and victim was moved by some inmates to another cell.

Defendant from the original cell told the inmates in the other cell to make a dress out of a pillow case and put it on victim and referred to victim as his "girl". By this time the inmates were locked down in their cells with defendant and victim in different cells. When victim awoke in the morning words had been written on his back and legs at locations where he could not have done the writing. These included "Skip's baby", "Insert dick here" and "I love dick". Defendant's nickname was Skip. Victim went to a guard and requested to be removed from the cellblock. The guard testified that when this request was made victim was hysterical, crying, and was the most terrified person the guard had ever seen.

Defendant's first challenge is to the information on the basis that it did not contain all of the elements of the crime of sodomy. Specifically, the pertinent part of the information read:

[Defendant] in violation of Section 564.011, Revised Statutes of Missouri committed the felony of an attempt to

commit the offense of sodomy, ... in that on or about June the 24th, 1988 in the County of Jefferson, State of Missouri, the defendant forced Kevin Moore to remove his clothing and lay on a bed and then rubbed a cream on Kevin Moore's buttocks and anus, and such conduct was a substantial step toward the commission of the crime of sodomy upon Kevin Moore, and was done for the purpose of committing such sodomy.

▆▆ In this state an information is sufficient if it adequately informs the defendant of the charge against him, and the formal disposition of the charge will constitute a bar to further prosecution for the same offense. *State v. Evans*, 701 S.W.2d 569 (Mo.App.1985) [8]. In charging the inchoate offense of attempt, the information may not need to be as specific as it must be in charging the completed crime. *Henderson v. State*, 789 S.W.2d 498 (Mo. App.1990) [1,2]. The information here substantially complied with MACH–CR 18.02. Rule 23.01(e) provides that all indictments or informations which are substantially consistent with the forms of indictments or informations which have been approved by the Supreme Court are deemed to comply with the requirements of the Rule. The information contained the name of the victim, the date and place of the alleged offense, the relevant statutory section, and advised that the defendant "forced" conduct by the victim for the purpose of committing sodomy. That it did not contain the elements of the crime of sodomy did not make it insufficient to charge the crime of attempting to commit sodomy. The information sufficiently advised the defendant of the charge against him and was sufficient to preclude further prosecution for the same offense. The information was legally sufficient. *See State v. Simpson*, 846 S.W.2d 724 (Mo. banc 1993).

▆▆ Defendant next contends that the trial court erred in overruling defendant's motions for acquittal at the conclusion of the state's case and at the conclusion of the entire case. This contention is based upon the proposition that the evidence of the victim was so contradictory and in conflict with physical facts that it failed to rise to substantial evidence sufficient to sustain a conviction in the absence of corroboration. Defendant premises his argument on two cases in Missouri which purported to establish that in sexual offense cases a victim's uncorroborated testimony is sufficient to sustain a conviction unless the victim's testimony is so contradictory or unconvincing as to leave the mind of the court clouded with doubt. In that event the victim's testimony must be corroborated. *State v. Burton*, 355 Mo. 467, 196 S.W.2d 621 (1946); *State Akers*, 328 S.W.2d 31 (Mo. 1959). In *State v. Nelson*, 818 S.W.2d 285 (Mo.App.1991) we criticized the rule to the extent that it imposed a different standard of review in sexual offense cases than it did in other offenses. In the absence, however, of gross inconsistencies and contradictions, the resolution of conflicts in testimony is a matter for the jury.[1] *State v. Koonce*, 731 S.W.2d 431 (Mo.App.1987) [8]. Further if the testimony is inconsistent as to "minor points of a non-essential nature" reversal is not warranted. *State v. Koonce, supra; State v. Nelson, supra at [7]*. There is no question that the victim here gave inconsistent testimony. We are not able however, to conclude that it was grossly inconsistent nor that it dealt with essential matters. He firmly identified the defendant as the person who ordered his disrobing and position on the bunk, as the person who expressed his intention to sodomize the victim, and as a person in the cell when the lotion was applied to victim's buttocks and anus. Inconsistencies concerning the positioning of other individuals after victim assumed his position on the bunk and the possibility of another person in the cell at that time do not rob the victim's testimony of all credibility concerning defendant's actions, nor destroy the reasonable inference that defendant's actions were an attempt to sodomize the vic-

---

1. It would seem logical that in either sexual or non-sexual offenses if the testimony of the victim is so grossly inconsistent or contradictory as to deprive the testimony of any credibility an appellate court could not hold the evidence sufficient to allow a rational fact finder to find guilt beyond a reasonable doubt, and would require corroboration to affirm a conviction.

tim. The trial court did not err in submitting the case to the jury.

■ Defendant contends that the court erred in failing to give a circumstantial evidence instruction. Such an instruction is required only where the evidence is solely circumstantial. *State v. Bannister*, 680 S.W.2d 141 (Mo. banc 1984) [21–24]. Here there was testimony by the victim that the defendant ordered him to disrobe, ordered him to assume a position compatible with anal intercourse, and told victim that he intended to penetrate victim's anus with his penis. That evidence is direct evidence and no circumstantial evidence instruction was required.

■ Finally, the defendant challenges the action of the trial court in denying his Rule 29.15 post-conviction motion after hearing. He bases this upon counsel's failure to call four witnesses. Three of those witnesses were cell-mates of defendant at the time of the attempted sodomy. The two who were presented at the hearing had extensive criminal records and counsel believed that they were previously acquainted with defendant as a result of having served time with the defendant. Neither was able to state that defendant did not attempt to sodomize the victim but only that neither saw defendant do so. Counsel's justified fear that cross-examination of the witnesses would elicit defendant's prior conviction, his knowledge of the lack of credibility that would be attributed to the testimony of frequently convicted felons, and the weakness of the testimony the witnesses would have given make the determination of counsel not to call them a permissible trial strategy. The other two witnesses did not testify at the hearing so there is no basis for concluding that their testimony would have benefitted the defendant. We find no error in the motion court's denial of the Rule 29.15 motion.

Judgments affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.