**Robert L. GRIFFIN, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 85465.**

Missouri Court of Appeals, Eastern District, Division Three.

March 7, 2006.

**764**

Edward Scott Thompson, Attorney, St. Louis, MO, for appellant.

Deborah Daniels, Attorney, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Judge.

Robert L. Griffin, Jr. ("Movant") appeals from the motion court's judgment denying his post-conviction relief motion pursuant to Rule 24.035 without an evidentiary hearing. In Movant's sole point on appeal, he argues that his plea counsel was ineffective for failing to explain to him the difference between "serious physical injury," the term used in Section 565.081, RSMo 2000[1] to describe assault in the first degree against a law enforcement officer, and "physical injury," the term used in State's information for the charge pursuant to Section 565.081.[2] Movant claims he would have proceeded to trial had he known the State had to prove "serious physical injury." He alleges counsel's failure renders his guilty plea unintelligent. We reverse and remand for an evidentiary hearing.

---

1. All further statutory references are to RSMo 2000.

2. Movant's point relied on falls short of the requirements of Rule 84.04 in that this Court had to glean from the argument section of Movant's brief his alleged claim of error. Due to the seriousness of the case, we will review the merits pursuant to Rule 84.13(c). See State v. Conaway, 912 S.W.2d 92, 94 (Mo. App. S.D.1995).

### Facts and Procedural History

■ Movant entered into a negotiated plea of guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to Count I: assault in the first degree pursuant to Section 565.050 and to Count II: assault of a law enforcement officer in the first degree pursuant to Section 565.081. Count III charged Movant with assault of a law enforcement officer in the first degree pursuant to Section 565.081, but was dismissed in exchange for Movant's guilty plea. Likewise, Counts IV, V, and VI pertaining to the charges of armed criminal action were dismissed. Movant was sentenced to twelve years' imprisonment for each count to run concurrently. As with any guilty plea, an Alford plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Sexton v. State*, 36 S.W.3d 782, 785 (Mo.App. S.D.2001) (citing *Alford*, 400 U.S. at 31, 91 S.Ct. 160).

The following facts were presented by the prosecutor to the plea court: On April 11, 2003, Movant was in his home making threats to kill family members and to commit suicide. Movant held a BB gun to the head of a small child and pulled the trigger, but no physical injury occurred to the child due to the failed discharge of the BB gun. Two sheriff's deputies, Officers Crawford and Momot, arrived at the scene. Movant was in the bathroom with a large knife. When the deputies came toward Movant to control the situation, Movant repeatedly asked the deputies if they would shoot him if he came forward with the knife. According to Officer Crawford, Movant came at them in an angry and threatening manner with the knife raised, as if coming toward them to "harm" them.

At his plea hearing, Movant was questioned in open court regarding the significance of his guilty plea. See Rule 24.02.

The transcript reveals that he understood the rights he waived by entering the plea and that he did not have any issue regarding the services rendered by his attorney. The court accepted his guilty plea and entered his sentence. Movant filed a timely amended motion for post-conviction relief. This motion was denied without an evidentiary hearing. This appeal follows.

### Analysis

■ Appellate review of a post-conviction relief motion is limited to the determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. *State v. Nunley*, 980 S.W.2d 290, 291 (Mo. banc 1998); Rule 24.035. The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression a mistake has been made. *Id.* at 291–92. An evidentiary hearing is not required for a post-conviction motion for relief if the motion court determines the motion, files, and records of the case conclusively show the movant is not entitled to relief. *Morales v. State*, 104 S.W.3d 432, 434 (Mo.App. E.D.2003). An evidentiary hearing is warranted when a movant's motion meets three requirements: 1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must not be refuted by the files and records in the case; and 3) the matters complained of must have resulted in prejudice to the movant. *Morrow v. State*, 21 S.W.3d 819, 822–23 (Mo. banc 2000). We find Movant is entitled to an evidentiary hearing. Movant alleges facts that warrant relief, such facts are not refuted by the record, and Movant was prejudiced thereby.

■ Movant alleges the information filed by the State was defective. An indictment or information is deemed suffi-

**766**

cient if it is substantially consistent with the forms of indictments or informations which have been approved by the Missouri Supreme Court. *See State v. Dunmore,* 822 S.W.2d 509, 514 (Mo.App. W.D.1991) and Rule 23.01(b).[3]

The form approved by the Missouri Supreme Court for these crimes states the following:

The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 565.081.1, RSMo, committed the class A felony of assault of a law enforcement officer in the first degree punishable upon conviction under Section 558.011.1(1) RSMo, in that (on) (on or about) [date], in the (City) (County) of _____, State of Missouri, [name of victim] was a law enforcement officer, defendant knew [name of victim] was a law enforcement officer, and (attempted to kill or to cause) (and) (knowingly caused) *serious physical injury* to him, by [Insert means by which attempt was made, or serious injury was caused . . .] him.

*See* MACH–CR 19.32 (1991) (emphasis added).

The information for Count II provided:

In violation of Section 565.081, RSMo, [Movant] committed the class A felony

of Assault of a Law Enforcement Officer in the First Degree, punishable upon conviction under Section 558.011.1(1), RSMo, in that on or about April 11, 2003 . . . Alan Crawford, was a law enforcement officer, [Movant] knew Alan Crawford was a law enforcement officer, and [Movant] attempted to kill or *cause physical injury* to him, by coming toward him with a raised knife in his hand.

(emphasis added). We find that this information was not substantially consistent with the form set forth by the Missouri Supreme Court because it did not contain the essential term "serious" before "physical injury." *See* Rule 23.01(b).

■ Once it is determined that an information does not substantially follow the charge form, the analysis turns to whether the information is sufficient. The test for whether an information is sufficient is: 1) whether the information contains all essential elements of the offense as set out in the statute creating the offense, and 2) whether it clearly apprises the accused of the facts constituting the offense. *See State v. Sanders,* 871 S.W.2d 454, 459 (Mo. App. W.D.1993).

Section 565.081 provides in pertinent part that "A person commits the crime of assault of a law enforcement officer . . . if such person attempts to kill . . . or at-

**3.** Missouri Supreme Court Rule 23.01(b) states in pertinent part:

"The indictment or information shall:
(1) State the name of the defendant or, if not known, designate the defendant by any name or description by which the defendant can be identified with reasonable certainty;
(2) State plainly, concisely, and definitely the essential facts constituting the elements of the offense charged, including facts necessary for any enhanced punishment;
(3) State the date and place of the offense charged as definitely as can be done. If multiple counts charge the same offense on

the same date or during the same time period, additional facts or details to distinguish the counts shall be stated;
(4) Cite the statute alleged to have been violated and the statutes that fix the penalty or punishment therefor; and
(5) State the name and degree, if any, of the offense charged.
All indictments or informations that are substantially consistent with the forms of indictments or informations that have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)."

tempts to cause *serious* physical injury to a law enforcement officer . . . ." (emphasis added). "Serious physical injury" is defined as physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body. *See* Section 556.061. "Physical injury" means physical pain, illness, or any impairment of physical condition. *Id.* Thus, the information was defective in that it did not contain all essential elements as set forth by the statute.

Further, the defective information was not rectified by the prosecutor's recitation of the facts. The prosecutor used the term "harm" to describe Movant's intent in raising the knife, when describing the evidence he would have presented at trial. The term "harm" is not defined by statute or case law, but the common understanding of this term means "physical or mental damage; injure." See *WEBSTER'S NEW COLLEGIATE DICTIONARY* (1st ed.1973). This common definition or understanding does not rise to the gravity of the statutory definition of "serious physical injury." Thus, reasonably assuming that Movant had this basic or common understanding of the term, his assertion that he believed the State only had to prove some "harm" is not refuted by the record.

This Court concludes that these errors could have resulted in Movant reasonably believing that a jury could have convicted him of Count II by mere proof that he intended "harm" or "physical injury," rather than the State proving the higher standard of "serious physical injury." Movant is entitled to an evidentiary hearing to show whether this alleged belief was advanced or promoted by his plea counsel, and whether counsel was thereby ineffective.

REVERSED AND REMANDED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY J., concur.