**Charles C. GLASS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 31812.**

Missouri Court of Appeals, Southern District, Division Two.

April 23, 2013.

4. All motions taken with the case are denied.

Emmett D. Queener, Columbia, MO, for Appellant.

Jennifer A. Wideman, Jefferson City, MO, for Respondent.

MARY W. SHEFFIELD, J.

Charles C. Glass ("Movant") appeals from the motion court's denial of his Rule 24.035[1] motion for post-conviction relief. The Rule 24.035 motion pertained to Movant's conviction for attempted second-degree statutory rape. *See* §§ 564.011, 566.034.[2] He argues the motion court clearly erred in rejecting his claim that his plea was involuntarily entered because his plea counsel failed to advise him the charging document did not allege all the necessary elements of the offense. We disagree and affirm the motion court's judgment.

### Standard of Review

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k). Clear error occurs where a review of the entire record leaves this Court with the definite and firm impression that a mistake has been made. *Williams v. State*, 205 S.W.3d 300, 305 (Mo.App. W.D.2006). Furthermore, "the motion court's ruling is presumed to be correct and ... the burden is on the appellant to establish that the ruling was erroneous." *Garris v. State*, 389 S.W.3d 648, 652 (Mo. banc 2012).

### Factual and Procedural Background

Movant was originally charged with two counts of kidnapping, one count of sexual abuse, one count of forcible rape, and one count of second-degree statutory rape. On June 21, 2010, the parties appeared in court. Pursuant to an agreement with the defense, the prosecutor filed an amended information charging only attempted second-degree statutory rape. That document alleged Movant

committed the class D felony of an attempt to commit the offense of statutory rape in the second degree ... in that on or about February 17, 2010, in the County of Stoddard, State of Missouri, [Movant] drove [S.T.] from the campus of the Bloomfield Public Schools where she was attending school and drove her in the direction of Lake Wappapello for a rendezvous. In route, [Movant] gave [S.T.] alcoholic beverages and kissed her and these actions were a substantial step toward the commission of the crime of statutory rape in the second degree of [S.T.] and was done for the purpose of committing such statutory rape of [S.T.] who at the time was under the age of seventeen years and [Movant] was 21 years of age or older.

Movant told the judge he had discussed the meaning of the charge with his attorney. The prosecutor recited the facts alleged in the amended information, and Movant stated those facts were true. The judge found Defendant understood the nature of the crime charged and accepted Movant's guilty plea. The judge sentenced Movant to four years in the Missouri Department of Corrections. After being sentenced, Movant said he had no complaints about his attorney's representation.

Movant subsequently filed a *pro se* motion for post-conviction relief. Counsel was appointed, and an amended motion was timely filed. Among other claims in the motion, Movant claimed his plea was involuntary because plea counsel had failed to recognize the amended information was defective and advise Movant regarding the deficiency. Movant further alleged the acts stated in the amended information were not a substantial step toward the

---

1. All rule references are to Missouri Court Rules (2012).

2. All statutory references are to RSMo (2000).

completion of the offense of second-degree statutory rape.

A hearing was held regarding the claims in the amended motion. Movant was the only witness. After the hearing, the motion court entered findings of fact and conclusions of law denying relief. With respect to the claim raised on appeal, the motion court stated

> [t]his court believes, based upon the credible evidence presented; [Movant] possessed the state of mind or intent to attempt the alleged crime. Under oath, Movant stated the acts of giving alcoholic beverages and kissing he[r] were substantial steps with the intent to commit the crime of statutory rape in the second degree and [were] done for that purpose. Further, Movant understood the range of punishment and received an amendment of the charge due to his plea of guilty.

This appeal followed.

### Discussion

Movant argues his guilty plea was involuntary as plea counsel failed to advise him "the Amended Information failed to allege the necessary elements for the offense of attempt to commit statutory rape in the second degree, because providing S.T. with alcoholic beverages and kissing her were not substantial steps toward 'penetration of the female sex organ by the male sex organ.'" Movant's argument is without merit.

To succeed on a claim of ineffective assistance of counsel, a post-conviction movant must demonstrate (1) his attorney's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "If either prong is not satisfied, then we need not consider the other prong, and the claim of ineffective assistance of counsel must fail." *Williams*, 205 S.W.3d at 305.

To prove counsel's performance was deficient, "the movant must identify trial counsel's specific acts or omissions that were not in conformance with the range of competent representation, or that were the result of unreasonable professional judgment." *Id.* "It is axiomatic that a guilty-plea counsel cannot be considered ineffective when he or she gives correct advice to an accused." *Johnson v. State*, 140 S.W.3d 161, 164 (Mo.App. S.D.2004). Thus, to succeed on his claim that counsel was ineffective for failing to inform him the information did not contain all the elements of the offense, Movant must prove the information, in fact, did not contain all the elements of the offense. *See Williams*, 205 S.W.3d at 308.

Rule 23.01 requires the charging document to, among other things, "[s]tate plainly, concisely, and definitely the essential facts constituting the elements of the offense charged[.]" Rule 23.01(b)(2). "The test for whether an information is sufficient is: 1) whether the information contains all essential elements of the offense as set out in the statute creating the offense, and 2) whether it clearly apprises the accused of the facts constituting the offense." *Griffin v. State*, 185 S.W.3d 763, 766 (Mo.App. E.D.2006). Furthermore, if the charging document is substantially consistent with the approved charges, it "shall be deemed to comply with the requirements of this Rule 23.01(b)." Rule 23.01(b). *See also State v. King*, 849 S.W.2d 706, 708 (Mo.App. E.D.1993) (applying the previous version of this rule); *Dorris v. State*, 743 S.W.2d 904, 906 (Mo. App. E.D.1988) (applying the previous version of this rule).

The approved charge for an attempt charged under section 564.011 is MACH–CR 18.02. That charge reads as follows:

The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant in violation of Section 564.011, RSMo, committed the class [*Insert the capital letter for the proper classification of the offense.*] (felony) (misdemeanor) of attempted [*Insert name of completed crime.*] punishable upon conviction under Sections 564.011 and 558.011 (, and (560.011) (560.016)), RSMo, in that (on) (on or about)[*date*], in the (City) (County) of _____, State of Missouri, the defendant [*Briefly describe the conduct of the defendant*], and such conduct was a substantial step toward the commission of the crime of [*name of the offense with sufficient details to identify the person or property involved, such as "burglary in the second degree of the building at 204 Grimm Street"*], and was done for the purpose of committing such [*name of offense attempted, such as "burglary"*].

MACH–CR 18.02. That is, pursuant to the approved charge, the charging document must state the conduct of the defendant, that such conduct was a substantial step toward committing the underlying crime, and that the conduct was committed for the purpose of committing the underlying crime. *Id. See also State v. Withrow,* 8 S.W.3d 75, 78 (Mo. banc 1999) ("Attempt, under sec. 564.011, has only two elements: (1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense.").

■ The amended information in this case substantially complied with those requirements. It listed Movant's actions—driving S.T. toward the lake, providing her with alcoholic beverages, and kissing her—alleged those actions were a substantial step toward committing second-degree statutory rape, and alleged Movant acted with the purpose of committing second-degree statutory rape. The amended information contained all the elements of the offense and substantially complied with the applicable approved charge. Consequently, the information was sufficient so plea counsel could not be ineffective for failing to advise Movant it was insufficient.

■ Movant's argument to the contrary rests on the erroneous assumption that the law required the charging document to list a substantial step toward committing a specific element of statutory rape, *i.e.,* penetration of the female sex organ by the male sex organ. This argument is without merit because attempted penetration is not an essential element of attempted second-degree statutory rape. An information charging attempt is sufficient even if it fails to allege an attempt to commit or perform each element of the completed crime. *See Henderson v. State,* 789 S.W.2d 498, 501 (Mo.App. E.D.1990). Furthermore, attempted penetration is not necessarily an essential element of attempted statutory rape. *See, e.g., State v. Young,* 139 S.W.3d 194, 197 (Mo.App. W.D. 2004) (holding the evidence was sufficient to support a conviction for attempted second-degree statutory rape where the defendant chatted on the internet with a police officer posing as a fourteen-year-old girl, discussed having sex with the fourteen-year-old girl, arranged to meet with the fourteen-year-old girl, and drove to the agreed upon meeting place). Because the amended information in this case did not need to allege attempted penetration, the information was sufficient to charge the crime of attempted second-degree statutory rape.

Consequently, plea counsel's performance was within the range of competent representation. Since Movant failed to prove plea counsel's performance was deficient, we need not address the issue of

prejudice. *See Williams*, 205 S.W.3d at 305. The motion court did not clearly err in denying Movant's claim. Movant's sole point is denied.

### Decision

The motion court's judgment is affirmed.

JEFFREY W. BATES, J. and DON E. BURRELL, C.J., concurs.