

# In the
# Missouri Court of Appeals
## Western District

**STATE OF MISSOURI,**
      **Respondent,**

             **WD85943**
             **OPINION FILED:**
             **August 29, 2023**

**v.**

**ANDREW P. MINNICK,**
      **Appellant.**

### Appeal from the Circuit Court of Ray County, Missouri
The Honorable Kevin L. Walden, Judge

Before Division Four:  Gary D. Witt, Chief Judge, Presiding, Cynthia L. Martin, Judge
and, Anthony Rex Gabbert, Judge

Andrew P. Minnick ("Minnick") appeals his conviction of the class D felony of attempted sexual abuse in the first degree, alleging that the amended information charging the offense was insufficient.  Finding no error, we affirm.

## Factual and Procedural Background

On June 1, 2022, Minnick was charged by an amended information with the class B felony of burglary in the first degree, the class D felony of attempted sexual abuse in

the first degree, and the class A misdemeanor of kidnapping in the third degree, based on conduct involving victim, S.B., on October 18, 2019.[1]

Prior to trial, Minnick filed a motion to dismiss the count in the amended indictment charging him with the class D felony of attempted sexual abuse in the first degree. Minnick alleged that the amended information failed to sufficiently state an offense because it failed to plead each element of the crime it charged with sufficient specificity. The motion to dismiss was denied.

Following a jury trial, Minnick was convicted of the class B misdemeanor of trespass in the first degree, and of the class D felony of attempted sexual abuse in the first degree. Minnick was found not guilty of the charge of kidnapping in the third degree.

Following the jury's verdict, Minnick filed a motion for judgment of acquittal notwithstanding the verdict that once again argued that the amended information failed to state an offense for attempted sexual abuse in the first degree because it failed to plead each element of the offense with sufficient specificity. Minnick's motion for judgment of acquittal was denied on December 7, 2022. On that same date, the trial court entered judgment, and imposed a fine of $1,000 on the misdemeanor trespass conviction, and sentenced Minnick to two years' imprisonment on the conviction of attempted sexual abuse in the first degree ("Judgment"). Minnick timely appealed, challenging only the conviction of attempted sexual abuse in the first degree.

---

[1]For reasons that are not explained in the record on appeal, the burglary charge was later amended to a class B misdemeanor of trespass in the first degree. Minnick's conviction of this charge is not at issue on appeal.

2

## Standard of Review

Minnick challenges the sufficiency of the amended information to state the offense of the class D felony of attempted sexual abuse in the first degree. Our review of the sufficiency of an indictment or information to state an offense is a question of law that we review *de novo*. *State v. Metzinger*, 456 S.W.3d 84, 89 (Mo. App. E.D. 2015) (citing *State v. Rousseau*, 34 S.W.3d 254, 259 (Mo. App. W.D. 2000)).

## Analysis

Minnick's single point on appeal challenges the sufficiency of the amended information to state the offense of the class D felony of attempted sexual abuse in the first degree. Specifically, Minnick alleges that the amended information failed to state "the essential facts constituting the elements of the offense charged."

Among other things, Rule 23.01(b)(2)[2] requires a charging document to "[s]tate plainly, concisely, and definitely the essential facts constituting the elements of the offense charged . . . ." "The test for whether an information is sufficient is: 1) whether the information contains all essential elements of the offense as set out in the statute creating the offense, and 2) whether it clearly apprises the accused of the facts constituting the offense." *Glass v. State*, 419 S.W.3d 862, 865 (Mo. App. S.D. 2013) (quoting *Griffin v. State*, 185 S.W.3d 763, 766 (Mo. App. E.D. 2006)).

---

[2]All Rule references are to *Missouri Court Rules, Volume I - State, 2019*, unless otherwise noted.

Minnick was charged with attempted sexual abuse in the first degree. Chapter

562.012.1[3] describes the offense of attempt as follows:

> Guilt for an offense may be based upon an attempt to commit an offense if,
> with the purpose of committing the offense, a person performs any act
> which is a substantial step towards the commission of the offense. A
> **"substantial step"** is conduct which is strongly corroborative of the
> firmness of the actor's purpose to complete the commission of the offense.

The essential elements of the offense of "attempt," therefore, are conduct that is a substantial step toward committing an underlying crime (here, sexual abuse in the first degree) undertaken for the purpose of committing the underlying crime. *See State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999) ("Attempt . . . has only two elements: (1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense."), *overruled in part on separate grounds by State v. Claycomb*, 470 S.W.3d 358, 361-62 (Mo. banc 2015).

Consistent with these essential elements, the approved charge for attempt pursuant to section 562.012 is MACH-CR2d 18.02, which provides as follows:

> The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the
> (City) (County) of _____, State of Missouri, charge(s) that the
> defendant in violation of Section [*Insert appropriate statute for the object
> offense. See Notes on Use 2.*], RSMo, committed the class [*Insert the
> capital letter for the proper classification of the offense.*] (felony)
> (misdemeanor) of attempted [*Insert name of completed offense.*],
> punishable upon conviction under Sections 562.012, [*Insert appropriate
> statutory reference for the object offense.*], (and) 558.011 (, and 558.002),
> RSMo, in that (on) (on or about) [*date*], in the (City) (County) of
> _____, State of Missouri, the defendant [*Briefly describe the
> conduct of the defendant. Do not use the "attempt" in your description.*],
> and such conduct was a substantial step toward the commission of the

---

[3] All statutory references are to RSMo in effect as of October 2019, the date of Minnick's alleged criminal conduct, unless otherwise noted.

offense of [*name of the offense with sufficient details to identify the person or property involved, such as "burglary in the second degree of the building at 204 Grimm Street"*], and was done for the purpose of committing such [*name of offense attempted, such as "burglary"*].

"[P]ursuant to the approved charge, the charging document must state the conduct of the defendant, that such conduct was a substantial step toward committing the underlying crime, and that the conduct was committed for the purpose of committing the underlying crime." *Glass*, 419 S.W.3d at 866.

In the amended information, Minnick was charged with attempted sexual abuse in the first degree as follows:

### Count II

in violation of [sic] The Prosecuting Attorney of the County of Ray, State of Missouri, charges that the defendant in violation of Section 566.100, RSMo, committed the class D felony of attempted sexual abuse in the first degree, punishable upon conviction under Sections 562.012, 566.100, 558.011, and 558.002, RSMo, in that on or about October 18, 2019, in the County of Ray, State of Missouri, ***the defendant pulled S.B.'s shirt over her head and held her down while S.B. was struggling, and such conduct was a substantial step toward the commission of the offense of sexual abuse in the first degree, and was done for the purpose of committing such sexual abuse***.

(Emphasis added.) The charge in the amended information alleges that Minnick had the purpose of committing the underlying offense of sexual abuse in the first degree, and the conduct that Minnick engaged in as a substantial step toward the commission of that offense, the two essential elements of the charge of attempt. As such, the charge in the amended information contains all essential elements of the offense of attempt as set out in the statute creating the offense, and apprises Minnick of the facts constituting the offense. *See Withrow*, 8 S.W.3d at 78; *Glass*, 419 S.W.3d at 865. If a charging document "is

5

substantially consistent with the approved charge[], it 'shall be deemed to comply with the requirements of . . . Rule 23.01(b)." *Glass*, 419 S.W.3d at 865 (quoting Rule 23.01(b)).

Minnick disagrees.  Minnick asserts that the "conduct" which must be asserted in the approved charge for attempt must be specific enough to demonstrate that he took a substantial step toward committing each essential element of the underlying crime.  The attempted underlying crime, sexual abuse in the first degree,[4] is described in section 566.100.1 as follows:

> A person commits the offense of sexual abuse in the first degree if he or she subjects another person to sexual contact when that person is incapacitated, incapable of consent, or lacks the capacity to consent, or by the use of forcible compulsion.

Minnick complains that the amended information was insufficient because it failed to allege

> the essential facts constituting the elements of the offense charged, involving inability to consent or forcible compulsion and sexual contact, . . . defined in Section 566.010(6) as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim."

---

[4] "The offense of sexual abuse in the first degree is a class C felony unless the victim is less than fourteen years of age, or it is an aggravated sexual offense, in which case it is a class B felony."  Section 566.100.2.  "[W]hen guilt for a felony . . . is based upon an attempt to commit that offense, the felony . . . shall be classified one step lower than the class provided for the felony . . . in the statute creating the offense."  Section 562.012.3.

6

[Appellant's Brief, p. 12]   Specifically, Minnick complains that the amended information did not: (1) allege any specific area of victim's body that Minnick took a substantial step toward touching (within the definition of "sexual contact"); (2) did not allege that Minnick took a substantial step toward having the purpose of arousing or gratifying sexual desire, or of terrorizing the victim; and (3) did not allege a substantial step toward the use of forcible compulsion or whether the victim was unable to consent.

In *Glass*, our Southern District rejected an identical argument.  419 S.W.3d at 866. In *Glass*, an information charged a defendant with attempted statutory rape, and alleged that the defendant

> drove [victim] from the campus of the Bloomfield Public Schools where she was attending school and drove her in the direction of Lake Wappapello for a rendezvous.  In route, [defendant] gave [victim] alcoholic beverages and kissed her and these were a substantial step toward the commission of the crime of statutory rape in the second degree of [victim] . . . .

*Id.* at 864.  The defendant complained that the information was not sufficient because it failed to allege facts establishing that he took a "substantial step toward committing a specific element of statutory rape, *i.e.*, penetration of the female sex organ by the male sex organ."  *Id.* at 866.  The Southern District observed that the defendant's argument "rests on the erroneous assumption that the law required the charging document to list a substantial step toward committing a specific element of statutory rape . . . ."  *Id.*  "An information charging attempt is sufficient even if it fails to allege an attempt to commit or perform each element of the completed crime."  *Id.*

Minnick disagrees with *Glass*, and complains that without requiring the charging document for attempt to allege facts sufficient to show a substantial step to commit each

7

essential element of the underlying crime, a defendant is not fairly informed of the charges against him as to be able to prepare an adequate offense. We disagree.

"The purpose of an information is to inform the accused of charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal." *State v. Hendricks*, 619 S.W.3d 171, 183 (Mo. App. W.D. 2021) (quoting *State v. Allen*, 905 S.W.2d 874, 879 (Mo. banc 1995)). "A charging instrument will ordinarily meet this standard if it cites the statutory section outlining the crime for which the defendant is charged." *Id.* (citing *Allen*, 905 S.W.2d at 879). "[W]here the information expressly refers to a statutory section that contains the elements of the crime, the information is not fatally insufficient even if the information itself does not repeat all of the elements of the offense." *Id.* (quoting *Allen*, 905 S.W.2d at 879). That is particularly true when the charged offense is attempt, which is committed by conduct that constitutes a substantial step toward committing the underlying offense. So long as the conduct of the defendant set forth in a charging document can be fairly read to constitute "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense," (the definition of "substantial step" in section 562.012.1), it is immaterial whether every essential element of the underlying offense is identified or referred to in those facts.

Here, the amended information expressly cites the statutory section outlining the underlying crime for which Minnick is charged with attempted commission. And, the amended information specifically charged Minnick with conduct (pulling S.B.'s shirt over her head and holding her down while S.B. was struggling) that is strongly corroborative

8

of the firmness of his purpose to complete the commission of sexual abuse in the first degree. The conduct alleged in the amended information is strongly corroborative of the use of forcible compulsion, of a purpose to arouse or gratify sexual desire or to terrorize S.B, and of a purpose to engage in sexual contact as that term is defined. It was not necessary for the amended information to predict or forecast the specific area of S.B.'s body that Minnick intended to touch. The amended information was sufficient to state the offense of attempt sexual abuse in the first degree.

Undeterred, Minnick attempts to distinguish *Glass* in his reply brief by noting that in *Glass* and in *State v. Heslop*, 842 S.W.2d 72 (Mo. banc 1992) (cases cited by the State in its brief), the defendant's complaint about the sufficiency of an information to state an offense was not raised until after the presentation of evidence or the entry of a judgment of conviction. This timing is irrelevant to the core principles articulated in both cases. "In charging the inchoate crime of attempt, . . . the state need not be as explicit and specific as when charging the completed crime." *Heslop*, 842 S.W.2d at 76. "An information charging attempt is sufficient even if it fails to allege an attempt to commit or perform each element of the completed crime." *Glass*, 419 S.W.3d at 866.

Finally, Minnick argues that the amended information's charge of attempted sexual abuse in the first degree alleges conduct that would support the alleged class A misdemeanor of kidnapping in the third degree under section 565.130 (of which he was acquitted) or a class C misdemeanor of assault in the fourth degree under section 565.056(6) (of which he was not charged). Minnick makes the confusing argument that because sexual abuse in the first degree is not a lesser included offense of either

9

kidnapping or assault in the fourth degree, the amended information was defective because it "does not by any reasonable construction charge the offense of which the defendant was convicted." [Appellant's Brief, p. 20 (quoting *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992)].  We have already explained that a reasonable construction of the amended information supports the conclusion that it charges the offense of attempted sexual abuse in the first degree, a conclusion that is enhanced by the fact that the amended information expressly cites to section 566.100 where the crime of sexual abuse in the first degree is described.  Despite Minnick's contention to the contrary, this is not a case where Minnick has been convicted of a crime that was not charged, or a crime that is not a lesser included offense of the charged crime.

The trial court did not err in denying Minnick's motion to dismiss and Minnick's motion for judgment of acquittal notwithstanding the verdict.  Minnick's point on appeal is denied.

## Conclusion

The trial court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur

10